1
2
3
4
5

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MATTHEW JAMES GRIFFIN, | ) | 1:13-cv-01599-LJO-BAM (PC) |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | REGARDING DISMISSAL OF CERTAIN |
| v. | ) | CLAIMS |
| | ) | (ECF No. 23) |
| A. JOHNSON, et al., | ) | |
| | ) | |
| Defendants. | ) | FOURTEEN-DAY DEADLINE |
| | ) | |
| | ) | |

I.      **Screening Requirement and Standard**

Plaintiff Matthew James Griffin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On November 18, 2014, the Court screened Plaintiff's complaint and found that it stated a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs against Defendants Johnson, Gonzales, Valdez, Sexton, Ross, Thor, Doe, Kul, Busch and Bell, but failed to state any other cognizable claims.  The Court directed Plaintiff to either file a first amended complaint or notify the Court that he wished to proceed on the cognizable claim.  (ECF No. 17.)  Plaintiff's first amended complaint, filed on February 20, 2015, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.   Plaintiff's Allegations

Plaintiff is currently housed at the Saguaro Correctional Center in Eloy, Arizona.  The events in the complaint are alleged to have occurred while Plaintiff was housed at California State Prison-Corcoran.  Plaintiff names the following defendants:  (1) A. Johnson; (2) D. Gonzales; (3) A. Valdez; (4) D. Smith; (5) C. Munoz; (6) M. Sexton; (7) M. Ross; (8) F. Thor; (9) Jane Doe; (10) Kul; (11) Busch; and (12) Bell.  Plaintiff brings suit against defendants in their individual capacities for monetary damages and in their official capacities for injunctive relief.

1
2
3
4

Plaintiff alleges:  On May 23, 2012, Defendants planned, participated in or supervised the use of chemical weapons on Yard 4A, inside Building 4R, within B section.  B section contains twenty (20) cells, ten on the upper tier directly over ten on the lower tier.  All prisoners housed in B section were Security Housing Unit (SHU) prisoners.  Plaintiff was housed in cell #28.

5
6
7
8
9
10

Before discharging chemical weapons inside B section, Defendants made statements, overt acts and gestures that expressed their intent to use force designed to directly affect bystander inmates in nearby cells within B section, including Plaintiff.  Defendants discharged chemical weapons at the prisoner in cell #25 in a manner designed to direct the chemical weapons on bystander inmates, including Plaintiff.  The use of chemical weapons allegedly was preplanned over a series of hours.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Prior to the discharge of chemical weapons, Plaintiff asked Defendants Johnson, Gonzales, Valdez, Smith, Munoz, Sexton, Ross, Thor, Jane Doe, Kul, Busch and Bell to evacuate him to a secure area.  Defendants refused to evacuate Plaintiff or order his evacuation.  Defendant Johnson reminded Plaintiff that he had previously filed a staff complaint against Defendant Johnson for retaliation. The prior complaint was submitted on September 1, 2010.  Plaintiff advised Defendant Johnson that there would be more complaints if chemical weapons were used and Plaintiff had not been evacuated to a safe area.  Defendant Johnson refused to evacuate Plaintiff and stated, "You won't be writing today – you'll be choking on O.C."  (ECF No. 23, p. 10.)  Defendant Valdez stated that he had enough pepper spray for everyone and told Plaintiff, "I brought enough for you too."  (Id.)  Defendant Munoz told Plaintiff, "You're not going to be evacuated."  (Id.)  Defendant Munoz accused Plaintiff of wanting extra recreational yard.  Plaintiff corrected Defendant Munoz, stating "I'm not asking for evacuation to a specific area, just anywhere that I won't be pepper sprayed."  (Id.)  Defendant Munoz told Plaintiff to get the other prisoner to behave and he would not be pepper sprayed.  Defendant Sexton said, "Pull a couple of them out to make it look right."  (Id. at p. 11.)  Defendants evacuated two prisoners from B section before using chemical weapons, but refused evacuation of all others.  One of the evacuated prisoners was housed in cell #26.

28

Before the use of chemical weapons, all defendants, except Smith, donned gas masks or filter masks. This action demonstrated their personal knowledge that the entire area of B section would be affected by the use of chemical weapons. Defendants used an extraordinary amount of chemical weapons inside B section. The chemical weapons discharged include: an X-10 Barricade Removal Device with Oleoresin Capsicum (OC) pepper spray; three discharges of MK-9 OC Pepper Spray, detonation of at least two tactical T-16 OC grenades; and detonation of an OC-V Aerosol Grenade.

Plaintiff alleges he is a former member of an elite Marine Corps special operations unit and a graduate of the U.S. Army Airborne School and the Marine Corps Amphibians Reconnaissance School. He reportedly completed a Marine Corps nuclear, biological and chemical weapons course. In his Reconnaissance Company, Plaintiff was the Sergeant in charge of training and operations and reportedly taught close quarter battle to special operations forces, which included the use of chemical grenades.

Plaintiff contends that the detonation of two T-16 OC grenades and an OC-V aerosol grenade took place while he was housed within cell #28 within the maximum effective radius of the chemical weapons. Plaintiff asserts that the use of the grenades within the confined area of B section was a direct use of force against everyone within the effective radius not wearing protective clothing or mask, including Plaintiff. The use of chemical weapons was planned to directly affect all prisoners confined within their cells inside B section.

Plaintiff contends that each of the defendants knew that the chemical weapons would necessarily result in force being directed at all prisoners confined in B section. Plaintiff alleges that whether or not Defendants had justification to use force against the targeted prisoner, they used chemical weapons in a malicious and sadistic manner designed and calculated to directly injure other prisoners, including Plaintiff, without any legitimate justification. Plaintiff also alleges that Defendants used the incident with the other prisoner as a pretext to assault all prisoners remaining in B section, including Plaintiff, with chemical weapons.

Defendants Ross, Thor and Valdez discharged OC pepper spray from a Barricade Removal Device. Defendant Valdez discharged all other weapons. All defendants, except

Smith, were present when the chemical weapons were discharged and were wearing protective equipment. Each of the defendants knew that the prisoners, including Plaintiff, had no protective equipment, but defendants planned a use of chemical weapons that would directly injure everyone without protective equipment.

Defendants Sexton, Munoz, Valdez and Johnson are supervisors. Each was personally present before, during and after the use of chemical weapons. These defendants failed to take action to minimize the effect of chemical agents on bystander inmates, including Plaintiff. The targeted prisoner eventually was extracted from his cell and given a decontamination shower. Plaintiff did not receive a decontamination shower until five days later on May 28, 2012, and suffered pain needlessly in the interim.

Defendants knew the entire area of B section and all prisoners were injured by the use of chemical weapons. Defendants evacuated themselves from the area, but left the prisoners, including Plaintiff, to suffer needlessly for days. After the use of chemical weapons, Plaintiff personally asked Defendants Johnson, Gonzales, Valdez, Munoz, Sexton, Ross, Thor, Doe, Kul, Busch and Bell for medical treatment and a contamination shower. Each of these defendants refused to provide medical care or a decontamination shower to Plaintiff. Plaintiff alleges that he later asked Defendant Smith for medical treatment and a decontamination shower, but Defendant Smith refused.

Plaintiff alleges that he was injured by the chemical weapons, including irritation and burning of the eyes and skin, difficulty breathing and respiratory distress, uncontrolled coughing and spasms, resulting in the dislocation of his right shoulder and painful relocation, and insomnia. Plaintiff turned in three written requests for medical treatment in relation to his injuries, but was not given a decontamination shower until May 28 or taken for a medical appointment until May 29. Two of Plaintiff's written requests were personally delivered to Defendant Gonzales. These requests were not logged into Plaintiff's prison medical records.

Plaintiff's shoulder was x-rayed in January 2013. He continues to suffer pain in his right shoulder.

Plaintiff contends that Defendants Johnson, Gonzales, Valdez, Smith, Munoz, Sexton, Ross, Thor, Jane Doe, Kul, Busch and Bell knew from their conversation with Plaintiff or their personal participation in the use of chemical weapons of the need to decontaminate the affected prisoners and provide medical treatment for the injured, including Plaintiff.  Defendants failed to do so.  Plaintiff alleges that defendants knew of and disregarded an excessive risk to his health and safety.

Plaintiff contends that after the use of chemical agents in B section, the two evacuated prisoners were returned to their cells.  The prisoner returned to cell #26 was so severely affected that he was later moved to a different housing unit.

Plaintiff's asserts the following causes of action:  (1) excessive force in violation of the Eighth Amendment against Defendants Johnson, Gonzales, Valdez, Smith, Munoz, Sexton, Ross, Thor, Jane Doe, Kul, Busch and Bell; (2) denial of medical care in violation of the Eighth Amendment against Defendants Johnson, Gonzales, Valdez, Smith, Munoz, Sexton, Ross, Thor, Jane Doe, Kul, Busch and Bell; and (3) retaliation in violation of the First Amendment against Defendant Johnson.

Plaintiff seeks compensatory and punitive damages, along with declaratory and injunctive relief.

### III.   Discussion

#### A.  Eighth Amendment - Excessive Force

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992); Whitley v. Albers, 475 U.S. 312, 320, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986).

"The objective component of an Eighth Amendment claim is ... contextual and responsive to contemporary standards of decency." Hudson, 503 U.S. at 8, 112 S.Ct. at 1000

(internal quotation marks and citations omitted). A prison official's use of force to maliciously and sadistically cause harm violates the contemporary standards of decency. Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178, 175 L.Ed.2d 995 (2010). However, "[n]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action." Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9, 112 S.Ct. at 1000). Factors that can be considered are "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." Whitley, 475 U.S. at 321, 106 S.Ct. at 1085; Marquez v. Gutierrez, 322 F.3d 689, 692 (9th Cir. 2003). Although the extent of the injury is relevant, the inmate does not need to sustain serious injury. Wilkins, 130 S.Ct. at 1178–79; Hudson, 503 U.S. at 7, 112 S.Ct. at 999.

At the pleading stage, Plaintiff has stated a claim for excessive force in violation of the Eighth Amendment against Defendants Johnson, Gonzales, Valdez, Smith, Munoz, Sexton, Ross, Thor, Doe, Kul, Busch and Bell.

### B. Eighth Amendment - Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). "The indifference to a prisoner's

medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice'
will not support this claim. Even gross negligence is insufficient to establish deliberate
indifference to serious medical needs." Lemire v. California Dep't of Corr.and Rehab., 726 F.3d
1062, 1081–82 (9th Cir. 2013) (internal citations omitted).

At the pleading stage, Plaintiff has stated a cognizable deliberate indifference claim
against Defendants Johnson, Gonzales, Valdez, Munoz, Sexton, Ross, Thor, Jane Doe, Kul,
Busch, Bell and Smith.

### C.  First Amendment – Retaliation

Plaintiff alleges that Defendant Johnson retaliated against him in violation of the First
Amendment.  "Prisoners have a First Amendment right to file grievances against prison officials
and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir.
2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). The First Amendment also
protects the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di
Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First
Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some
adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that
such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did
not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–
68 (9th Cir. 2005).

Plaintiff has failed to state a cognizable retaliation claim against Defendant Johnson.
Plaintiff alleges that Defendant Johnson refused to evacuate Plaintiff from B section because of a
staff complaint Plaintiff filed in 2010.  However, Plaintiff also alleges that only two prisoners
were evacuated from B section prior to the use of pepper spray.  This indicates that Plaintiff was
not singled out *because of* any protected conduct.  This defect cannot be cured by amendment.

### D.  Declaratory Relief

Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like
other forms of equitable relief, should be granted only as a matter of judicial discretion,
exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426,

431, 68 S.Ct. 641, 92 L.Ed. 784 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that a defendant violated Plaintiff's rights is unnecessary.

### E.  Injunctive Relief

Plaintiff seeks injunctive relief from defendants. However, Plaintiff is no longer incarcerated at California State Prison – Corcoran or in California. Instead, he has been transferred to Saguaro Correctional Center in Arizona. As a result, his claim for injunctive relief is now moot. See Holt v. Stockman, 2012 WL 259938, *6 (E.D. Cal. Jan. 25, 2012) (a prisoner's claim for injunctive relief is rendered moot when he is transferred from the institution whose employees he seeks to enjoin); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007).

### F.  Doe Defendant

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  Plaintiff is advised that the Jane Doe defendant (i.e., the unknown defendant) cannot be served by the United States Marshal until Plaintiff has identified her as an actual individual and amended his complaint to substitute a name for the Jane Doe defendant.

### IV.   Conclusion and Recommendation

Plaintiff has stated cognizable claims for excessive force and deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendants Johnson, Gonzales, Valdez, Munoz, Sexton, Ross, Thor, Doe, Kul, Busch, Bell, and Smith, but has failed to state any other cognizable claims.  Although Plaintiff was given an opportunity to file an amended complaint, he has been unable to cure the identified deficiencies and further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

For the reasons stated, IT IS HEREBY RECOMMENDED that:

1.      This action proceed on Plaintiff's first amended complaint, filed on February 20, 2015, for excessive force and deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendants Johnson, Gonzales, Valdez, Munoz, Sexton, Ross, Thor, Doe, Kul, Busch, Bell, and Smith; and

2.      Plaintiff's remaining claims be dismissed from this action, along with his requests for declaratory and injunctive relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 3, 2015**                    /s/ Barbara A. McAuliffe
                                                   UNITED STATES MAGISTRATE JUDGE