1
2
3
4
5

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES GRIFFIN, | ) 1:13-cv-01599-LJO-BAM (PC) |
| Plaintiff, | ) ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS |
| v. | ) |
| A. JOHNSON, et al., | ) (ECF No. 26) |
| Defendants. | ) |
| | ) |

Plaintiff Matthew James Griffin ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed this action on September 30, 2013.  (ECF No. 1.)  On August 3, 2015, the Magistrate Judge screened Plaintiff's first amended complaint and found he stated a cognizable claim for excessive force and for deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendants Johnson, Gonzales, Valdez, Munoz, Sexton, Ross, Thor, Doe, Kul, Busch, Bell, and Smith.  (ECF No. 27.)  Service on those Defendants is currently pending.

On that same date, the Magistrate Judge also issued Findings and Recommendations recommending that (1) Plaintiff's claim that Defendant Johnson retaliated against him in violation of the First Amendment be dismissed for failure to state a claim; and (2) Plaintiff's claims for a declaratory judgment and injunctive relief be dismissed.  (ECF No. 26, pp. 8-9.) The Findings and Recommendations were served on Plaintiff with instructions that any

1

objections must be filed within fourteen days.  Plaintiff timely filed his objections to the Findings and Recommendations on August 21, 2015.  (ECF No. 28.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(c), this Court has conducted a *de novo* review of the case and has considered Plaintiff's objections to the Findings and Recommendations.  Having carefully reviewed the entire file, the Court finds that the Findings and Recommendations are supported by the record and proper analysis, and Plaintiff's objections do not provide a basis to not adopt the Findings and Recommendations.

Some of Plaintiff's "objections" are actually suggestions for text corrections, which need not be addressed.  Plaintiff also makes no objections to the Magistrate Judge's recommendation that his claims for declaratory judgment and injunctive relief be dismissed.  Plaintiff's only substantive objections are to the Magistrate Judge's recommendation that his First Amendment retaliation claim against Defendant Johnson be dismissed.  The Court finds no merit to his arguments.

In making the Findings and Recommendations, the Magistrate Judge noted that Plaintiff alleged, among other things, that on May 23, 2012, Defendants planned, participated in or supervised the use of chemical weapons on Yard 4A, inside Building 4R, within B section, which contained cells that housed Plaintiff and other inmates.  (ECF No. 26, p. 3.)  Specifically, Defendants allegedly discharged chemical weapons at the prisoner in cell #25, in a manner designed to direct the chemical weapons on bystander inmates, including Plaintiff.  (Id.)  Prior to the alleged discharge of chemical weapons, Plaintiff contends that he asked Defendant Johnson (and others) to evacuate him to a secure area.  (Id.)  Defendant Johnson allegedly refused to evacuate Plaintiff or order his evacuation, and reminded him that he had previously filed a staff complaint against Defendant Johnson.  (Id.)  Defendant Johnson also allegedly stated to Plaintiff, "You won't be writing today – you'll be choking on O.C."  (Id.)  Plaintiff further alleged that the Defendants evacuated two prisoners from B section before using the chemical weapons, including a prisoner housed in cell #26, but refused evacuation of all others.  (Id.)

After setting forth these allegations, the Magistrate Judge noted that to plead a viable First Amendment retaliation claim in the prison context, a plaintiff must provide "(1) An

assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." (ECF No. 26, p. 8 (quoting <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567–68 (9th Cir. 2005)).) Accepting Plaintiff's allegations as true, the Magistrate Judge found that Plaintiff failed to state a cognizable retaliation claim against Defendant Johnson because he alleged that the Defendants only evacuated two prisoners from B section prior to the use of any chemical weapons.  (<u>Id.</u> at 8.)  This fact indicated Plaintiff was not singled out because of any protected conduct, which meant he did not—and cannot—sufficiently allege the second element of his First Amendment retaliation claim against Defendant Johnson.  (<u>See</u> <u>Id.</u>)

Plaintiff first argues that the Magistrate Judge's reasoning is flawed because it is based on an assumption that he was "not targeted because of his prior First Amendment activities" since other inmates were also not evacuated.  (ECF No. 28, p. 2.)  He next argues that the issue of Defendant Johnson's motivation should be submitted to a jury.  (<u>Id.</u> at 3-4.)  Finally, he argues that the facts he pleaded, when taken as true, are sufficient to state a claim for retaliation in violation of the First Amendment against Defendant Johnson, and therefore he need not amend his claim.  (<u>Id.</u> at 5.)

For a First Amendment retaliation claim, "proof of an improper motive is not sufficient to establish a constitutional violation—there must also be evidence of causation."  <u>Hartman v. Moore</u>, 547 U.S. 250, 260, 126 S. Ct. 1695, 1703 (2006) (quoting <u>Crawford-El v. Britton</u>, 523 U.S. 574, 593, 118 S. Ct. 1584, 1594 (1998)).  Rather, the plaintiff must show but-for causation—that is, he must demonstrate that the state actor would not have taken an adverse action against him but-for his protected conduct.  <u>See</u> <u>Id.</u> at 260, 126 S. Ct. at 1703-04. "[A]ction colored by some degree of bad motive does not amount to a constitutional tort if that action would have been taken anyway."  <u>Id.</u> (citing <u>Crawford-El</u>, 523 U.S. at 593, <u>Mt. Healthy City School Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 285-286, 97 S. Ct. 568, 575 (1977)).

In this case, even accepting as true Plaintiff's allegations that Defendant Johnson had some kind of retaliatory animus in failing to evacuate him from his cell before the Defendants

deployed chemical weapons, he also alleged that the Defendants left nearly all of the other inmates in B section in their cells. In fact, according to Plaintiff, there were only two inmates evacuated, including the person in the cell adjacent to the targeted inmate. Thus by Plaintiff's own version of events, he would not have been evacuated by Defendant Johnson even if that officer did not have any alleged bad motive for his part in the actions. As a result, Plaintiff has not pleaded that he was retaliated against because of his protected conduct, and since he has affirmatively alleged otherwise, this defect cannot be cured by amendment, as found by the Magistrate Judge.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations dated August 3, 2015 (ECF No. 26), are ADOPTED IN FULL;

2. Plaintiff's claim against Defendant Johnson for retaliation in violation of the First Amendment is dismissed, with prejudice, for failure to state a claim upon which relief may be granted; and

3. Plaintiff's requests for declaratory and injunctive relief are dismissed.

IT IS SO ORDERED.

Dated:   **August 26, 2015**                    **/s/ Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE