UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES GRIFFIN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>A. JOHNSON, et al.,<br><br>　　　　　Defendants. | Case No. 1:13-CV-01599-LJO-BAM (PC)<br><br>**ORDER SETTING SETTLEMENT CONFERENCE**<br><br>Settlement Conference: **May 04, 2016 at 9:00 a.m.** |

Plaintiff Matthew James Griffin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The Court has determined this case will benefit from a settlement conference.  Therefore, this case will be referred to Magistrate Judge Kendall J. Newman to conduct a settlement conference at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #25, on May 4, 2016 at 9:00 a.m.

A separate order and writ of habeas corpus ad testificandum to secure Plaintiff's attendance at the settlement conference via video conference will issue concurrently with this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1.　　This case is set for a settlement conference before Magistrate Judge Kendall

1

1  J. Newman on May 4, 2016, at 9:00 a.m. at the U. S. District Court, 501 I Street,
2  Sacramento, California 95814, in Courtroom #25.
3          2.      Plaintiff will appear at the settlement conference by video conference, from
4  his place of confinement, as directed by separate order.
5          3.      A representative with full and unlimited authority to negotiate and enter
6  into a binding settlement on the Defendants' behalf shall attend in person.[1]
7          4.      Those in attendance must be prepared to discuss the claims, defenses and
8  damages. The failure of any counsel, party or authorized person subject to this order to
9  appear in person may result in the imposition of sanctions. In addition, the conference
10 will not proceed and will be reset to another date.
11         5.      The parties are directed to exchange with each other non-confidential
12 settlement statements on or before **April 20, 2016**. Defendants shall simultaneously send
13 a copy of their statement(s) to the court using the following email address:
14 kjnorders@caed.uscourts.gov. Plaintiff shall also mail a copy of his non-confidential
15 settlement statement addressed to "Magistrate Judge Kendall J. Newman, USDC CAED,
16 501 I Street, Suite 4-200, Sacramento, CA 95814." Plaintiff's envelope shall be marked
17 "Settlement Statement."  If a party desires to share additional confidential information
18 only with the court, they may do so pursuant to the provisions of Local Rule 270(d) and
19 (e).

---

[1]     While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences. . . ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

1       6.      The Clerk of the Court is directed to serve a copy of this order by email to
2  DPS_AC_Prisons_Attph@ncdps.gov.

IT IS SO ORDERED.

   Dated:   **February 12, 2016**                    /s/ Barbara A. McAuliffe
                                                     UNITED STATES MAGISTRATE JUDGE