1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES GRIFFIN,<br><br>                Plaintiff,<br><br>v.<br><br>A. JOHNSON, et al.,<br><br>                Defendants. | Case No. 1:13-CV-01599-LJO-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO STAY DISCOVERY<br><br>(ECF No. 68) |

Plaintiff Matthew James Griffin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint for excessive force and for deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendants Johnson, Gonzales, Valdez, Munoz, Sexton, Ross, Thor, Doe, Kul, Busch, Bell, and Smith. This matter is set for a settlement conference before Magistrate Judge Kendall J. Newman on May 4, 2016. (ECF No. 65.)

On March 11, 2016, Defendants filed a motion to stay discovery. (ECF No. 68.) Plaintiff's opposition was entered on March 31, 2016. (ECF No. 69.) The time for Defendants to reply to Plaintiff's opposition has now expired, and the motion is deemed submitted. Local Rule 230(l).

1

Defendants move for a protective order staying discovery pending the outcome of the upcoming May 4, 2016 settlement conference. They argue that it is unduly burdensome for them to be required to respond to Plaintiff's outstanding discovery requests at this juncture, as it will be wasteful of time and resources that could be better used on the settlement negotiations. They further argue that the discovery will be worthless if the case is resolved by the conference, and that there is no harm to Plaintiff by a short delay in commencing discovery to allow for settlement negotiations. Plaintiff opposes the motion, arguing that the stay will adversely affect the prospects of settlement, that discovery will serve as a "reality check" to Defendants, and that Defendants will not suffer harm from being required to respond. (ECF No. 69.) Plaintiff notes that Defendants have not yet served any written discovery, but he has served forty (40) requests for production. (Id. at 1-2.)

The Court finds good cause for a brief stay of discovery under these circumstances. Fed. R. Civ. P. 26(c). The parties' time and resources are better spent on the settlement negotiations at this time, rather than causing Defendants to expend resources on discovery which may not ultimately be required if the matter is resolved through settlement.

Furthermore, Plaintiff will not be prejudiced by this brief stay. Plaintiff argues that discovery is necessary to show Defendants the weaknesses in their case, but he has not provided his requests for production for the Court's review, or otherwise shown why the outstanding discovery requests are necessary to prepare for the settlement negotiations here. Moreover, Plaintiff articulated several reasons in his opposition brief why he believes Defendants' case is weak, based on evidence and information already in his possession as well as legal arguments. (ECF No. 69, pp. 2-3.) The Court finds that the settlement negotiations will not be negatively affected by a stay relieving Defendants from the duty to respond to Plaintiff's requests for production until after the settlement conference. Plaintiff has also admitted that he agreed to an early initial conference in this matter. (Id. at 4.) One of the benefits of the early timing of these negotiations is to lessen

the burdens on the parties of using their time and resources prosecuting and defending this matter, if a settlement can be accomplished instead.

For these reasons, IT IS HEREBY ORDERED that:

1.      Defendants' motion to stay discovery, (ECF No. 68), is GRANTED;

2.      Discovery in this matter is stayed pending the outcome of the May 4, 2016 settlement conference; and,

3.      In the event that the case is not resolved at the settlement conference, the Court will issue an order lifting the stay of discovery, and Defendants will be required to respond to Plaintiff's requests for production on or before thirty (30) days from the date of service of that order.

IT IS SO ORDERED.

Dated:   **April 8, 2016**                           /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE