UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES GRIFFIN,<br><br>              Plaintiff,<br><br>v.<br><br>A. JOHNSON, et al.,<br><br>              Defendants. | Case No. 1:13-CV-01599-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND TO SEQUENCE DISCOVERY<br>(ECF No. 83)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR 90-DAY EXTENSION OF TIME TO RESPOND TO DISCOVERY REQUESTS<br>(ECF No. 89)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Introduction**

       Plaintiff Matthew James Griffin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint for excessive force and for deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendants Johnson, Gonzales, Valdez, Munoz, Sexton, Ross, Thor, Doe, Kul, Busch, Bell, and Smith.

       Currently before the Court are two motions Plaintiff has filed: (1) Plaintiff's motion for protective order and request to sequence discovery, filed on June 20, 2016, (ECF No. 83), and

1  (2) Plaintiff's motion for a 90-day extension of time to answer, respond, or object to Defendants'
2  discovery request of June 23, 2016, filed August 1, 2016, (ECF No. 89). With regard to
3  Plaintiff's June 20, 2016 motion, Defendants filed an opposition to that motion, (ECF No. 87),
4  and Plaintiff filed a reply, (ECF No. 88). With regard to Plaintiff's August 1, 2016 motion, the
5  time for opposing that motion has passed, and no opposition was filed. Thus, both motions are
6  deemed submitted. Local Rule 230(l).

7  **II.     Plaintiff's Motion for Protective Order and to Sequence Discovery**

8  Generally, the matters raised in Plaintiff's motion for protective order and to sequence
9  discovery are now moot. Plaintiff complained that Defendants served discovery requests
10 indicating that he only had 30 days to respond, whereas this Court's discovery and scheduling
11 order, (ECF No. 48), permits 45 days after service to respond to written discovery requests.
12 Defendants have explained that this was an inadvertent clerical error, made because they were
13 relying on the 30-day limit in Federal Rule of Civil Procedure 34. Further, they have re-served
14 Plaintiff with discovery requests on June 23, 2016, referencing the correct 45-day limit to
15 respond, as Plaintiff requested. (ECF No. 86-1, pp. 2-97.) Thus, this matter is moot. The Court
16 does not find any bad faith by Defendants on this matter, but admonishes Defendants that they
17 must comply with all Court orders, and should take care not to do anything which may
18 potentially mislead or confuse Plaintiff.

19 Plaintiff also complained that he had not received responses to his discovery requests sent
20 in February 2016, and that he wanted those responses before responding to Defendants'
21 discovery requests. Defendants correctly explained that discovery was stayed pending a
22 settlement conference in this matter, and under the Court's June 6, 2016 order lifting that stay,
23 (ECF No. 81), Defendants had until July 19, 2016 to respond to Plaintiff's outstanding discovery
24 requests. Plaintiff has not indicated that Defendants failed to provide those responses, and thus
25 this matter is also moot.

26 **III.    Plaintiff's Request for 90-day Extension to Respond to Discovery**

27 The sole matter left for the Court to address in Plaintiff's motions is his request for a 90-
28 day extension of time to respond to Defendants re-served June 23, 2016 discovery requests, until

1 November 9, 2016. (ECF No. 89.) Granting this extension would require the Court to modify the
2 discovery and scheduling order in this matter, since the current discovery deadline is October 1,
3 2016 under that order. (ECF No. 48.)
4       In support of his requested extension, Plaintiff asserts that the paper provided by
5 Defendants to write his responses does not leave sufficient room for him to explain his answers,
6 so he will have to re-write the requests and questions. Further, he states that he does not have
7 photocopier access, and instead must use carbon paper. (Id. at 5.) Plaintiff further asserts that he
8 is only being provided 2 sheets of paper per week, despite his appeal to prison officials for more
9 paper, and that this is insufficient paper to respond to the discovery in a timely manner.
10 Specifically, he argues he must re-write all the discovery responses, requiring one page of paper
11 for each response, and thus requires hundreds of sheets of paper and many weeks to finish the
12 responses. Plaintiff further indicates that he has a vision issue, and does not have law library
13 access. (Id at 8.)
14       The Court does not find that Plaintiff has shown good cause to grant the requested
15 extension of time or to modify the discovery and scheduling order here. Fed. R. Civ. P. 16(b)(4).
16 Plaintiff's assertions are belied by his supporting documentation and his filings in this matter.
17 The grievance response he submitted in support of his filing indicates he receives 20 sheets of
18 paper at a time. (ECF No. 89, p. 13.) His motion for an extension of time consists of 38 pages,
19 including what appear to be photocopied documents, and several pages of handwritten argument
20 written on blank paper. Previous filings in this case by Plaintiff have also utilized many sheets of
21 paper and what appear to be photocopied exhibits, such as his motion for a protective order,
22 consisting of 114 pages, of which 9 were handwritten on blank paper, followed by photocopied
23 exhibits.
24       Further, although Defendants discovery requests appear to only allot about 3-4 lines per
25 question for a response, this does not require Plaintiff to completely re-write every discovery
26 request in order to respond. Plaintiff may write what he can fit in the space provided on the paper
27 served by Defendants, and use additional sheets to add to his responses, as necessary. As to
28 Plaintiff's contentions of vision issues and a lack of law library access, no legal research should

be necessary to respond to the discovery requests, and he has indicated he is provided assistance with his vision issue, which causes "intermittent" double vision. (ECF No. 89, p. 8.) Based on the foregoing, the Court does not find good cause for the lengthy extension requested. Plaintiff will be granted fourteen (14) days from the date of service of this order to respond to Defendants' discovery requests served on June 23, 2016.

**IV.     Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for protective order and to sequence discovery, (ECF No. 83), is DENIED;

2. Plaintiff's motion for a 90-day extension of time to respond to Defendants' June 23, 2016 discovery requests, is DENIED; and

3. Plaintiff shall serve on Defendants his responses to Defendants' June 23, 2016 discovery requests on or before fourteen (14) days from the date of service of this order.

IT IS SO ORDERED.

Dated:    **September 6, 2016**            /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE