1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

EASTERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  MATTHEW JAMES GRIFFIN, | Case No. 1:13-CV-01599-LJO-BAM (PC) |
| 13                    Plaintiff, | ORDER REGARDING DEFENDANTS' EX PARTE MOTION TO TAKE PLAINTIFF'S DEPOSITION AND REQUEST FOR RESTRAINTS |
| 14  v. | |
| 15  A. JOHNSON, et al., | (ECF No. 93) |
| 16                    Defendants. | ORDER REGARDING PLAINTIFF'S MOTION TO TAKE DEFENDANTS' DEPOSITIONS AND SET THE CONDITIONS UPON WHICH DEPOSITIONS ARE CONDUCTED (ECF No. 91) |
| 17 | |
| 18 | |
| 19 | |

20

21 **I.      Introduction**

22         Plaintiff Matthew James Griffin ("Plaintiff") is a state prisoner proceeding pro se and in

23 forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently

24 proceeds on Plaintiff's first amended complaint for excessive force and for deliberate

25 indifference to serious medical needs in violation of the Eighth Amendment against Defendants

26 Johnson, Gonzales, Valdez, Munoz, Sexton, Ross, Thor, Doe, Kul, Busch, Bell, and Smith.

27         Currently before the Court are motions by the parties concerning deposition matters: (1)

28 Defendants motion to take Plaintiff's deposition and to request restraints during that deposition,

filed September 9, 2016 (ECF No. 93); and (2) Plaintiff's motion to take Defendants deposition, and set conditions for how depositions in this case shall be taken, filed September 6, 2016, (ECF No. 91). The motions are deemed submitted. Local Rule 230(l).

**II.     Defendants' Motion to Take Deposition and For Restraints**

Defendants seek an order allowing them to take Plaintiff's deposition on September 23, 2016 at 10:00 a.m., at Alexandria Correctional Institution ("ACI") in Taylorsville, North Carolina, where Plaintiff is currently incarcerated. (ECF No. 91.) Defendants have served Plaintiff with a notice of deposition, (ECF No. 93-2), and a subpoena duces tecum, (ECF No. 93-3). In a declaration in support, defense counsel states that Plaintiff's deposition is necessary to adequately defend against his claims, but the institution will not allow Plaintiff's deposition without a court order. (ECF No. 93, p. 2.)

Under Federal Rule of Civil Procedure 30(a)(2)(B), the deposition of a deponent who is confined in prison may be taken with leave of court. Fed. R. Civ. P. 30(a)(2)(B). Leave must be granted, to the extent consistent with Rule 26(b)(1) and (2). As Defendants seek to depose Plaintiff regarding his claims and their defenses in this matter, the proposed deposition is well-within the scope of discovery, and does not appear to exceed any of the limitations set forth in Rule 26(b)(2). Thus, leave to depose Plaintiff in this matter is granted.

Defense counsel declares that the deposition must be taken in person because ACI does not have video-conferencing capabilities. However, defense counsel is concerned about safety, due to the nature of Plaintiff's commitment offence, disciplinary history, and violent character. (ECF No. 93, p. 3, ¶ 5). Defendants attach documentation in support, including disciplinary and housing placement records, reports, and letters. (ECF Nos. 93-4, 93-5.) Defense counsel further declares that an official at ACI informed her that Plaintiff will not be restrained, and correctional guards will not be present, at the deposition. (ECF No. 93, pp. 2-3, ¶¶ 3-4.)

As a result, Defendants further request an order requiring at least two guards be in the room at all times during Plaintiff's deposition, and that Plaintiff be placed in full restraints, including ankle, wrist, and waist restraints, or that Plaintiff be confined to a holding cell during the deposition. (Id. at 2.) This request is denied. The pendency of this action does not provide

1   this Court with general jurisdiction over the prison officials and custody staff at ACI.

2   Arrangements regarding the nature of Plaintiff's deposition must be made with the officials and

3   staff at ACI, including in regards to any concerns about safety and security. "Prison officials

4   retain some discretion as to whether to permit an incarcerated litigant to personally appear to

5   take a deposition, taking into consideration factors such as cost, inconvenience, danger, and the

6   disruption to correctional operations." Dearing v. Mahalma, No. 1:11-CV-204, 2012 WL

7   524438, at *2 (S.D. Ohio Feb. 16, 2012). Although the Court is granting leave to Defendants to

8   depose Plaintiff, the Court defers to the prison officials and custody staff at ACI regarding their

9   policies and procedures of the manner in which that deposition may be taken.

10          Although defense counsel believes that ACI does not have video-conferencing

11  capabilities, the Court will grant leave for Defendants to depose Plaintiff by video-conferencing

12  or telephone, should such arrangements be available through other means, and if Defendants do

13  not wish to depose Plaintiff in person under the parameters permitted by ACI.

14  **III.     Plaintiff's Combined Motion**

15          Plaintiff states in his motion that he seeks an order allowing him to take the deposition of

16  each of the named Defendants, and setting conditions under which depositions will be taken in

17  this matter. The bulk of his motion is dedicated to describing the conditions sought when taking

18  depositions at Plaintiff's institution. As discussed above, the Court does not have jurisdiction

19  over the officials and staff over ACI generally, and thus it cannot grant any order requiring

20  depositions to be run in any certain manner within the institution.

21          Regarding Plaintiff's request for an order to depose each of the Defendants, the Federal

22  Rules of Civil Procedure govern the manner in which such depositions may be taken, either by

23  oral or written questions. Rule 30 of the Federal Rules of Civil Procedure governs the procedure

24  by which depositions are taken by oral examination. "A party who wants to depose a person by

25  oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1).

26  "The party who notices the deposition must state in the notice the method for recording the

27  testimony." Fed. R. Civ. P. 30(b)(3)(A). The noticing party must also bear costs of recording the

28  deposition. Id. In addition, that party must arrange for an officer to conduct the depositions

1   (absent a stipulation by all parties otherwise). Fed. R. Civ. P. 30(b)(5)(A).

2          Depositions by written questions must be taken pursuant to the procedures set forth under

3   Federal Rule of Civil Procedure 31. As explained by another court:

> The deposition upon written questions basically would work as follows:
> The prisoner would send out a notice of deposition that identifies (a) the
> deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list
> of the exact questions to be asked of the witness, and (d) the date and time
> for the deposition to occur. The defendant would have time to send to the
> prisoner written cross-examination questions for the witness, the prisoner
> would then have time to send to defendant written re-direct questions for
> the witness, and the defendant would have time to send to the prisoner
> written re-cross-examination questions for the witness[.]

10   Harrell v. Jail, No. 2:14-cv-1690-TLN-CKD P, 2015 WL 8539037, *1-2 (E.D. Cal. Dec. 11,

11   2015). (quoting Brady v. Fishback, No. 1:06-cv-00136-ALA (P), 2008 WL 1925242, at *1-2

12   (E.D. Cal. April 30, 2008). Plaintiff's in forma pauperis status also does not entitle him to a

13   waiver of any of the costs associated with this form of deposition; instead, he must pay the

14   necessary deposition officer fee, court reporter fee, and costs for a transcript. Id. (citations

15   omitted)

16          To be clear, Plaintiff does not need the Court's permission to depose any of the

17   Defendants. Thus, his request for an order granting him leave to depose is denied as unnecessary.

18   However, Plaintiff must follow the applicable rule and bear the costs for any depositions he

19   seeks to take in this matter, as described above. His in forma pauperis status does not entitle him

20   to free services from the Court, such as scheduling, conducting, or recording the deposition, or to

21   utilize Defendant's resources for the deposition. See, e.g., Brooks v. Tate, No 1:11-cv-01503-

22   AWI-DLB PC, 2013 WL 4049053, *1 (E.D. Cal. Aug. 7, 2013) (indigent prisoner not entitled to

23   take the depositions of defendant and non-party witnesses during his own deposition). To the

24   extent Plaintiff seeks an order for Defendants or defense counsel to make the necessary

25   arrangements, the Court will not order them to do so.

26   ///

27   ///

28   ///

**IV.      Conclusion and Order**

        For these reasons, IT IS HEREBY ORDERED that:

        1.      Defendants' ex parte motion to take Plaintiff's deposition and request for restraints, (ECF No. 93) is granted in part and denied in part, as follows:

                (a)      Defendants are granted leave to depose Plaintiff, in person at the Alexandria Correctional Institution in Taylorsville, North Carolina, at the date and time noticed by Defendants, and at the discretion of the institution's officials and correctional staff;

                (b)      in the alternative, Defendants are granted leave to conduct Plaintiff's oral deposition by video-conference or by telephone;

                (c)      Defendants' request to order the Alexandria Correctional Institution to have security guards present at the deposition with Plaintiff in full restraints, or to have Plaintiff in a holding cell during the deposition, is denied;

        2.      Plaintiff's motion for an order to take the deposition of each named Defendant, and for an order setting the conditions of depositions in this matter (ECF No. 91), is DENIED in its entirety. Plaintiff is informed that leave of court is not required for him to depose any of Defendants; and

        3.      The parties are reminded that all depositions in this matter must be completed by **October 1, 2016**, under the Court's discovery and scheduling order. (ECF No. 48.)

IT IS SO ORDERED.

        Dated:   __September 12, 2016__        ___/s/ Barbara A. McAuliffe___
                                                UNITED STATES MAGISTRATE JUDGE