UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES GRIFFIN,<br><br>               Plaintiff,<br><br>v.<br><br>A. JOHNSON, et al.,<br><br>               Defendants. | Case No. 1:13-CV-01599-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S RULE 32 MOTION TO SUPPRESS DEPOSITION TRANSCRIPT AND TESTIMONY<br><br>(ECF No. 124 and 125) |

Plaintiff Matthew James Griffin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion to suppress deposition transcript and testimony pursuant to Federal Rules of Civil Procedure 30 and 32. (ECF No. 125.) Defendants Bell, Kul, Ross, Sexton, Smith, Thor and Valdez opposed the motion on November 14, 2016. (ECF No. 135.) Defendants Johnson, Gonzales, Busch and Munoz joined in the opposition on November 15, 2016. (ECF No. 138.) Plaintiff did not reply, and the motion is deemed submitted. Local Rule 230(l).

///
///
///

1

## I. Motion to Suppress Deposition Transcript and Testimony[1]

### A. Parties' Positions

Plaintiff was deposed by oral examination on September 23, 2016. (ECF No. 124 at p. 2.) During the course of his deposition, Plaintiff requested on the record that he be permitted to review his deposition pursuant to Federal Rule of Civil Procedure 30. Plaintiff claims that it was specifically covered that the transcript must be mailed to him because he is a prisoner. (*Id.* at p. 3.)

On October 16, 2016, Plaintiff received written notice that the transcript was available for review at a location outside of the prison. The notice also indicated that the court reporter would be unable to release the original transcript for review. (ECF No. 124 at Ex. 1.) Plaintiff complains that because of this procedure (review at an outside location) he was unable to conduct a Rule 30(e) review and sign of his deposition. Plaintiff argues that he "has no reason to believe that the purported transcript is full, complete or accurate as he has not been afforded an opportunity to review and sign as required by law." (*Id.* at pp. 3-4.) Plaintiff now objects to the use of the transcript in this or any other civil action. He also requests the award of costs related to the instant motion and his attendance at the deposition. (ECF No. 125 at pp. 2-3.)

In opposition, Defendants do not dispute that Plaintiff requested to review and sign the deposition transcript during the deposition. However, Defendants argue that there is no indication that Plaintiff made any effort to contact the court reporter after receiving notice that his deposition transcript was available for review. Defendants further argue that prohibiting use of the deposition testimony would severely prejudice their ability to adequately defend against Plaintiff's claims, and there is no merit to Plaintiff's contention that the purported transcript is incomplete or inaccurate.

///
///
///

---

[1] In his motion to suppress, Plaintiff incorporates by reference his Verified Fifth Objection filed on the same day. (ECF No. 124 and ECF No. 125 at p. 2.) The Court therefore considers both documents in addressing the instant motion to suppress.

**B. Discussion**

Plaintiff moves, pursuant to Federal Rule of Civil Procedure 32, to suppress his deposition testimony because he was not afforded the opportunity to review and sign his deposition under Rule 30(e). Fed. R. Civ. P. 32(d)(4) ("An objection to how the officer transcribed the testimony—or prepared, signed, certified, sealed, endorsed, sent, or otherwise dealt with the deposition—is waived unless a motion to suppress is made promptly after the error or irregularity becomes known or, with reasonable diligence, could have been known."). In relevant part, Federal Rule of Civil Procedure 30(e) provides as follows:

> **(1)** *Review. Statement of Changes*. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> **(A)** to review the transcript or recording; and
>
> **(B)** if there are changes in form or substance, to a sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e)(1). Here, it is undisputed that Plaintiff timely requested review of his deposition transcript, and that he was notified by the court reporter on October 11, 2016, that his deposition was available for review. Although Plaintiff complains that the procedure specified by the court reporter prevented his review, there is no indication that Plaintiff undertook *any* measures to review his deposition transcript during the thirty (30) day period. Instead, a mere seven (7) days after receiving notice from the court reporter, Plaintiff immediately moved this Court to suppress the deposition transcript and testimony. The Court declines to do so.

As Defendants note, the rules of civil procedure require the court reporter to furnish a copy of the deposition transcript to any party or the deponent "[w]hen paid reasonable charges." Fed. R. Civ. P. 30(f)(3). There is nothing in the record indicating that Plaintiff made any effort to secure a copy of the transcript or that he contacted defense counsel to help facilitate a review.

More importantly, an order suppressing the deposition transcript and testimony appears unnecessary. Plaintiff has not set forth any basis to suggest that he made errors in his deposition testimony that require correction. Plaintiff merely speculates, without any support, that the transcript may not be full, complete or accurate. Moreover, "[e]ven a testimony change under

Rule 30(e) does not expunge the original deposition testimony; both the original transcript and recording are retained and can be shown to the trier of fact." *See Ochoa v. McDonald's Corp.*, No. 14-cv-02098-JD, 2015 WL 13079032, at *1 (N.D. Cal. June 2, 2015).

Further, unless and until Plaintiff's deposition testimony is at issue in any motion or proceeding before this Court, Plaintiff cannot demonstrate any prejudice resulting from his inability to a conduct a review, and any request to suppress the use of his deposition testimony is, at best, premature. The Court notes that the two motions for summary judgment currently pending do not rely on any portion of Plaintiff's deposition testimony. *See* ECF Nos. 141, 142.

## II. Conclusion and Order

Based on the foregoing, Plaintiff's motion to suppress deposition transcript and testimony (ECF No. 125) is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **August 7, 2017**        /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE