UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES GRIFFIN,<br><br>              Plaintiff,<br><br>v.<br><br>A. JOHNSON, et al.,<br><br>              Defendants. | Case No. 1:13-CV-01599-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SANCTIONS<br><br>(ECF No. 112)<br><br>FOURTEEN DAY DEADLINE |

Plaintiff Matthew James Griffin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently pending before the Court is a motion for sanctions filed by Defendants Ross, Sexton, Smith, Thor, and Valdez ("Defendants") based on Plaintiff's failure to respond to interrogatories. (ECF No. 112.) Plaintiff opposed the motion on November 7, 2016. (ECF No. 133.) Defendants replied on November 14, 2016, and Defendants Johnson, Gonzales, Busch and Munoz joined in the reply on November 15, 2016. (ECF Nos. 136, 137.)

**I.    Background**

On February 1, 2016, the Court issued a Discovery and Scheduling Order, which set the

deadline for completion of discovery as October 1, 2016. (ECF No. 48.) On April 8, 2016, the Court stayed discovery during settlement negotiations, but lifted the stay on May 5, 2016. (ECF Nos. 70, 75.)

On May 13, 2016, Defendants served their discovery requests on Plaintiff. (ECF No. 112-1, Declaration of Counsel K. Burnley ("Burnley Decl."), Ex. A.) On June 20, 2016, Plaintiff moved for a protective order because Defendants inadvertently requested thirty days for Plaintiff's responses, instead of the forty-five days permitted by the Court's Discovery and Scheduling Order. (ECF No. 83.) On June 23, 2016, Defendants acknowledged the error and re-served their discovery requests. (ECF No. 87; Burnley Decl., Ex. B.) After failing to receive discovery responses, Defendants filed a motion to compel. (ECF No. 90.) However, the Court denied the motion without prejudice, because it issued an order directing Plaintiff to provide discovery responses by September 26, 2016. (ECF No. 94.)

Defendants received Plaintiff's responses to Defendants' Request for Production of Documents (Set One) on September 26, 2016. Defendants also received Plaintiff's responses to Defendant Bell's Request for Responses to Interrogatories (Set One) and Defendant Kul's Request for Responses to Interrogatories (Set One) on September 28, 2016. (Burnley Decl., Ex. C.) Plaintiff failed to serve timely responses to Defendants Ross, Sexton, Smith, Thor, and Valdez's interrogatories. As a result, Defendants filed the instant motion for sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2).

By the instant motion, Defendants contend that Plaintiff's failure to respond discovery has resulted in prejudice because they cannot defend against Plaintiff's claims. Defendants request that Plaintiff be prohibited from supporting his case or opposing Defendants' defenses with any evidence not disclosed in the discovery process. Defendants also contend that Plaintiff's willful failure to comply with the Court's order should subject his case to dismissal.

Plaintiff opposed the motion for sanctions on November 7, 2016, contending that he had responded in writing to all of Defendants discovery requests, including 173 interrogatories and 205 requests for production of documents.[1] (ECF No. 133 at p. 2.) Additionally, Plaintiff

---

[1] Plaintiff reported that he also had responded to discovery requests propounded by Defendants Busch,

reported that Defendants took his deposition on September 23, 2016. In opposing sanctions, Plaintiff argues that Defendants were given 5 months to respond to his single discovery request, but he was not afforded equal time. Plaintiff further argues that he has not willfully failed to obey any order and any delay in responding was due to his conditions of confinement, indigent status, lack of a law library, and denial of photocopies by the prison in North Carolina. (Id. at pp. 4-5.) Plaintiff requests that the Court deny the motion for sanctions and issue a protective order in his favor because he has already responded in writing to Defendants' discovery requests.

In reply, Defendants note that Plaintiff does not dispute that he failed to timely respond to Defendants' discovery requests, and that he instead claims that he was unable to respond due to his conditions of confinement. (ECF No. 136 at p. 1.) Defendants argue, however, that Plaintiff had four months to respond to discovery requests and then failed to comply with the Court's order to respond by September 26, 2016. Defendants report that Plaintiff did not provide responses to Sexton and Valdez's interrogatories until October 10, 2016, and did not provide responses to Defendants Thor, Ross and Smith's interrogatories until October 14, 2016. Defendants argue that the failure to timely respond substantially prejudiced them in this action, and they were forced to take Plaintiff's deposition without the aid of his discovery responses. Defendants further argue that they could not conduct any additional discovery after receiving Plaintiff's late responses because the deadline to complete discovery was October 1, 2016.

**II.     Motion for Sanctions**

**A.  Legal Standard**

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the Court may issue further just orders, which may include prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence. Fed. R. Civ. P. 37(b)(2)(A). The Court also may dismiss the action or proceeding in whole or in part. Id.

Additionally, Local Rule 110 provides that "[f]ailure . . . of a party to comply . . . with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

---

Johnson, Munoz and Gonzales. (ECF No. 133 at p. 2.)

within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B. Analysis**

Here, the Court does not find that sanctions are warranted—evidentiary or otherwise. First, Defendants offer no explanation as to why they did not file a motion to compel discovery before the October 1, 2016 deadline, after they failed to receive timely responses to their discovery requests. Second, this is not a situation in which Plaintiff's actions were willful, resulting in a wholesale failure to respond to discovery. Instead, Defendants admit that they received Plaintiff's discovery responses less than 3 weeks after the Court's September 26, 2016 deadline. (ECF No. 136, p. 2.) The Court also notes that Plaintiff requested a brief extension of the Court's deadline to submit his discovery responses and his request had not been resolved by the time the instant motion was filed. (ECF No. 106.) Third, Defendants do not explain why or how they were precluded from requesting modification of the Discovery and Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b)(4). Defendants claim that they were prejudiced because they received Plaintiff's responses after the relevant discovery deadline and thus could not conduct additional discovery. However, there is no indication in the record that

they undertook any effort to extend the discovery deadlines in this action. Rather, the record demonstrates that Defendants elected to file a motion to revoke Plaintiff's in forma pauperis status and dismiss this action. (ECF No. 108.) Defendants later withdrew that motion, but again made no effort to modify any deadlines in this action, including the discovery deadline and the dispositive motion deadline. (ECF Nos. 139, 140.) Finally, Plaintiff's circumstances make the imposition of sanctions unjust. In addition to the limitations of confinement imposed on all prisoners, Plaintiff reportedly was subjected to additional limitations imposed by his incarceration in North Carolina. Plaintiff also was required to respond to multiple sets of discovery requests propounded by multiple defendants in this action.

### III. Conclusion and Recommendation

For the reasons stated, IT IS HEREBY RECOMMENDED that Defendants' motion for sanctions, filed on October 3, 2016, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 11, 2017**   /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE