UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES GRIFFIN,<br><br>               Plaintiff,<br><br>v.<br><br>A. JOHNSON, et al.,<br><br>               Defendants. | Case No. 1:13-CV-01599-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S FIRST MOTION FOR A 180 DAY EXTENSION OF TIME WITHIN WHICH TO COMPLETE DISCOVERY<br><br>(ECF No. 96)<br><br>ORDER DENYING PLAINTIFF'S FIRST MOTION TO COMPEL<br><br>(ECF No. 114) |

Plaintiff Matthew James Griffin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims of excessive force and deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendants Johnson, Gonzales, Valdez, Munoz, Sexton, Ross, Thor, Doe, Kul, Busch, Bell, and Smith. These claims arise from the cell extraction of another inmate in Plaintiff's housing section on May 23, 2012.

Currently pending before the Court are Plaintiff's first motion for a 180-day extension of time within which to complete discovery and Plaintiff's first motion to compel discovery from Defendant Sexton pursuant to Federal Rule of Civil Procedure 37. (ECF Nos. 96, 114.)

Defendants Johnson, Gonzales, Busch and Munoz opposed Plaintiff's motion for a 180-day extension of time, and Defendant Sexton opposed Plaintiff's motion to compel discovery. (ECF Nos. 113, 116.) Plaintiff did not reply in support of either motion. The motions are deemed submitted. Local Rule 230(l).

## I.    Motion for 180-Day Extension of Time

On February 1, 2016, following an answer to the complaint by Defendants Bell, Kul, Ross, Sexton, Smith, Thor and Valdez, the Court issued a Discovery and Scheduling Order in this action, which set the deadline for completion of discovery as October 1, 2016. (ECF No. 48.) On February 8, 2016, the Court extended the application of the Discovery and Scheduling Order to Defendants Busch, Gonzales, Johnson and Munoz. (ECF No. 59.) The discovery deadline remained October 1, 2016. (Id.)

On April 8, 2016, the Court stayed discovery pending completion of a settlement conference. (ECF No. 68.) On May 5, 2016, after the matter did not settle, the Court lifted the discovery stay. (ECF No. 75.)

On September 12, 2016, Plaintiff filed a motion requesting a 180-day extension of time to compel and complete discovery. Plaintiff explains that Defendants submitted objections "for all documents, videos, photographs, identity of inmate witnesses, training course materials and their history of use of force," which prevented Plaintiff from taking deposition or framing interrogatories. (ECF No. 96 at p. 4.)

In opposition to the motion, Defendants Johnson, Gonzales, Busch and Munoz contend that Plaintiff has not established good cause for the requested extension. In particular, Defendants argue that Plaintiff has failed to: (1) identify what objections were asserted; (2) establish that the objections were not well-taken; (3) explain why he did not file motions to compel with respect to the objections; and (4) explain how the objections prevented him from conducting discovery. (ECF No. 113 at p. 2.)

Having considered the motion and opposition, the Court does not find that Plaintiff has shown good cause to grant the requested extension of time or to modify the discovery and scheduling order. Fed. R. Civ. P. 16(b)(4). Plaintiff's moving papers do not identify the

discovery requests at issue, nor do they explain why Plaintiff could not file and serve a motion to compel within the relevant time period or why he was precluded from taking a deposition or framing interrogatories.   Accordingly, Plaintiff's request shall be denied.

## II.     Motion to Compel Discovery

Plaintiff moves to compel Defendant Sexton to provide further responses to his request for production of documents.

### A.     Standard

A party may serve on any other party a request within the scope of Federal Rule of Civil Procedure 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things.  Fed. R. Civ. P. 34(a)(1).

### B.     Discussion

On February 21, 2016, Plaintiff served Defendant Sexton with a First Request for Production of Documents ("POD").  (ECF No. 114.)  Defendant Sexton responded to the POD on July 14, 2016.  (ECF No. 114 at pp. 69-89.)  Plaintiff now seeks further responses to PODs 1-21, 23-24, 26-32, 34, 37-40.  (Id. at p. 34.)

In opposing the motion to compel, Defendant Sexton first contends that Plaintiff's motion should be denied as untimely because it was filed after the deadline for completion of non-expert discovery.  (ECF No. 116 at pp. 2-3.)   As indicated above, the deadline for completion of discovery, including the filing of all motions to compel discovery, was October 1, 2016.  (ECF Nos. 48, 59.)  Here, Plaintiff's motion to compel was filed on October 3, 2016.  (ECF No. 114).  However, the relevant filing date for matters filed by Plaintiff while incarcerated and acting in propria persona are based on the prison mailbox rule.  Pursuant to that rule, a document is deemed served or filed on the date the prisoner signs the document (or signs the proof of service, if later) and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by prisoners).  Plaintiff purportedly signed the motion to compel on September 26, 2016.  (ECF No. 114 at p. 35.)  Applying the

1    prison mailbox rule, Plaintiff's motion to compel was timely filed before October 1, 2016.

2    The Court now turns to the merits of Plaintiff's motion to compel.

3    POD 1:

4    All <u>DOCUMENTS</u> that <u>RELATE TO</u> any use of force or use of chemical weapons
5    against prisoner Ramirez at the California State Prison – Corcoran on May 23, 2012.

6    Response to POD 1:

7    Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad
8    and unduly burdensome.  Defendant further objects because this request seeks information not
9    relevant to any claim or defense in this action.  Defendant further objects to this request because
10    it seeks information protected by third parties' rights to privacy.  *See* Cal. Code. Regs. Tit. 15, §
11    3370(b).  Defendant further objects to this request because it seeks confidential information that
12    jeopardizes institutional safety and security.  *See* Cal. Code Regs. tit. 15, § 3321.  Defendant will
13    not produce the document responsive to this request because it is privileged.  See Defendant's
14    privilege log served concurrently with this response.

15    Privilege Log:

16    Defendant's privilege log describes the relevant document as "CDC 837 Crime/Incident
17    Report Log Number COR-04A-12-05-0307, documenting third party Inmate Ramirez's, May 23,
18    2012 cell extraction authored by Correctional Lieutenant Munoz" and identifies the privileges as
19    both confidential information that could jeopardize the safety and security of the prison if
20    disclosed and private information protected by third parties' rights to privacy.  (ECF No. 114 at
21    p. 61.)

22    Ruling:

23    Plaintiff's motion to compel the production of documents in response to POD 1 is denied.
24    First, Plaintiff's request is overbroad and unduly burdensome, essentially requiring Defendant to
25    produce any document, no matter how tangential, regarding use of force or use of chemical
26    weapons.  Second, Plaintiff does not explain how or why all documents regarding the asserted
27    use of force or chemical weapons against Inmate Ramirez are relevant to Plaintiff's claims that
28    "the use of force/chemical weapons was also directed upon Plaintiff."  (ECF No. 114 at p. 11.)

Third, Plaintiff has not adequately addressed Defendant's objection regarding institutional safety and security. Finally, and despite his challenge to Defendant's response, Plaintiff has obtained several pages of the report at issue in the privilege log from Inmate Ramirez, which Plaintiff has attached to the motion to compel. See ECF No. 114 at pp. 64-67. As the discovery sought was readily obtained from some other source, the Court will not require Defendant to provide a supplemental response. Fed. R. Civ. P. 26(b)(2)(C).

POD 2:

All MATERIALS or tangible evidence or objects that RELATE TO any use of force or use of chemical weapons against prisoner Ramirez at the California State Prison – Corcoran on May 23, 2012.

Response to POD 2:

To the extent that Defendant understands this request as seeking the cell extraction video of inmate Ramirez on May 23, 2012, Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information not relevant to any claim or defense in this action. Defendant further objects to this request because it seeks information protected by third parties' rights to privacy. *See* Cal. Code Regs. tit. 15, § 3370(b). Defendant further objects to this request because it seeks confidential information that jeopardizes institutional safety and security. *See* Cal. Code Regs. tit. 15, § 3321. Defendant further objects to this request because it is duplicative of Request Numbers 1, 3, and 12. Defendant will not produce the document response to this request because it is privileged. See Defendant's privilege log served concurrently with this response.

Privilege Log:

Defendant's privilege log describes the relevant document as "Video of third party inmate Ramirez's, May 23, 2012 cell extraction," and identifies the privilege as confidential information that could jeopardize the safety and security of the prison if disclosed and private information protected by third parties' rights to privacy. (ECF No. 114 at p. 61.)

Ruling:

Plaintiff's motion to compel the production of materials or tangible items in response to

POD 2 is denied. The request is vague, ambiguous and overly broad. It is unclear what types of materials or items that Plaintiff is seeking. More importantly, Plaintiff has not adequately addressed Plaintiff's objection regarding confidential information and institutional safety and security. Insofar as this request relates to the video of the cell extraction of Inmate Ramirez, Plaintiff has not demonstrated that the video captures any images of Plaintiff or his cell during the alleged incident.

POD 3:

All <u>PHOTOGRAPHS</u> of video that <u>RELATE TO</u> any use of force or use of chemical weapons against prisoner Ramirez at the California State Prison Corcoran on May 23, 2012.

Response to POD:

Defendant cannot comply with this request because he does not have custody, control, or possession of any photographs of video that relate to any use of force or use of chemical weapons against prisoner Ramirez. To the extent that Defendant understands this request as seeking photographs of inmate Ramirez's cell extraction, Defendant cannot comply with the request because no photographs exist and Defendant is informed and believes no such photographs ever existed.

To the extent that Defendant understands this request as seeking the cell extraction video of inmate Ramirez on May 23, 2012, Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information not relevant to any claim or defense in this action. Defendant further objects to this request because it seeks information protected by third parties' rights to privacy. *See* Cal. Code Regs. tit 15, § 3370(b). Defendant further objects to this request because it seeks confidential information that jeopardizes institutional safety and security. *See* Cal. Code Regs. tit 15, § 3321. Defendant further objects to this request because it is duplicative of Request Numbers 1, 2, 4, and 12. Defendant will not produce material responsive to this request because it is privileged. See Defendant's privilege log served concurrently with this response.

Privilege Log:

Defendant's privilege log describes the relevant document as "Video of third party

inmate Ramirez's, May 23, 2012 cell extraction," and identifies the privilege as confidential information that could jeopardize the safety and security of the prison if disclosed and private information protected by third parties' rights to privacy. (ECF No. 114 at p. 61.)

Ruling:

Plaintiff's motion to compel a further response to POD 3 is denied. Plaintiff has not adequately demonstrated that photographs of the cell extraction exist. Although Plaintiff cites a portion of a crime/incident report indicating that Officer Slimp processed the scene and took photos, the relevant exhibit indicates only that photographs were taken of Inmate Ramirez. (ECF No. 114, Ex. 4 at p. 1.) Photographs of Inmate Ramirez are not relevant to Plaintiff's claims in this action. As to video of the extraction, the motion to compel also is denied for the same reasons identified in connection with POD 2.

POD 4:

All COMPUTER DATA that RELATES TO any use of force or use of chemical weapons against Prisoner Ramirez at the California State Prison-Corcoran on May 23, 2012.

Response to POD 4:

Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, seeks information not relevant to the subject matter of this litigation, and seeks information not relevant to any claim or defense in this action. Defendant further objects to this request because it seeks information protected by third parties' rights to privacy. *See* Cal. Code Regs. tit 15, § 3370(b). Defendant further objects to this request because it seeks confidential information that jeopardizes institutional safety and security. *See* Cal. Code. Regs. tit 15, § 3321. Defendant further objects to this request because it is duplicative of Requests Numbers 1 and 10. Defendant will not produce the document responsive to this request because it is privileged. See Defendant's privilege log served concurrently with this response.

Privilege Log:

Defendant's privilege log describes the relevant document as "CDC 837 Crime/Incident Report Log Number COR-04A-12-05-0307, documenting third party Inmate Ramirez's, May 23, 2012 cell extraction authored by Correctional Lieutenant Munoz" and identifies the privileges as

both confidential information that could jeopardize the safety and security of the prison if disclosed and private information protected by third parties' rights to privacy. (ECF No. 114 at p. 61.)

Ruling:

For the same reasons enumerated with respect to POD 1, Plaintiff's motion to compel further responses to POD 4 is denied.

POD 5:

A MK-9 Oleoresin Capsicum Pepper Spray canister [empty] of the same type and design as used on May 23, 20-12, within B-Section, of Building 4A-4R together with all <u>DOCUMENTS</u> and <u>MATERIALS</u> that <u>RELATE TO</u> the training, deployment and use of this chemical weapon by offense of the California Department of Corrections and Rehabilitation.

POD 6:

A tactical T-16 Oleoresin Capsicum Grenade [inert or inert training aide] of the same type and design as used on May 23, 2012, within B-Section of Building 4A-4R of the California State Prison-Corcoran, together with all <u>DOCUMENTS</u> and <u>MATERIALS</u> that <u>RELATE TO</u> the training, deployment and the use of this chemical weapon by officers of the California Department of Corrections and Rehabilitation.

POD 7:

OC-V Oleoresin Capsicum Aerosol Grenade [inert or inert training aide] of the same type and design as used on May 23, 2012, within B-Section of Building 4A-4R of the California State Prison-Corcoran, together with all <u>DOCUMENTS</u> and <u>MATERIALS</u> that <u>RELATE TO</u> the training, deployment and the use of this chemical weapon by officers of the California Department of Corrections and Rehabilitation.

POD 8:

An X-10 Barricade Removal Device (BRD) with Oleoresin Capsicum Pepper Spray [inert or inert training aide], together with all <u>DOCUMENTS</u> and <u>MATERIALS</u> that <u>RELATE TO</u> the training, deployment and the use of this chemical weapon by officers of the California Department of Corrections and Rehabilitation.

Response to PODs 5-8:

Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information not relevant to any claim or defense in this action. Defendant further objects to this request because it is duplicative of Request Numbers 6, 7, 8, 14, 27, and 28. Defendant further objects on the ground that it seeks information or an item, the disclosure or production of which, could endanger the safety of other inmates and staff of the CDCR or jeopardize the security of the institution, and is therefore deemed confidential under sections 3322, 3275 and 3276 of Title 15 of the California Code of Regulations. Defendant further objects to this request on the ground that it seeks information or an item Plaintiff cannot possess under California Code of Regulations Title 14 section 3450(d). Defendant further objects to this request because the North Carolina Department of Public Safety (NCDOP) Prison Policy and Procedure Manual Chapter B Section .03300, Inmate Conduct Rules, specifies that no inmate will have any weapon, instrument, or tool in his possession or under his control. Defendant will not produce the document responsive to this request because it is privileged. See Defendant's privilege log served concurrently with this response.

Privilege Log:

The privilege log identifies the following relevant documents: (1) "CDCR Cell Extraction Participant Workbook documenting the cell extraction process, revised September 9, 2011;" (2) "CDCR Use of Force Participant Workbook documenting use of force options and restrains for correctional officers, revised August 8, 2010;" and (3) "CDCR Chemical Agent Participant Workbook documenting tactical strategies for the delivery of chemical agents, revised August 8, 2008." Defendant cites the privilege as confidential information that could jeopardize the safety and security of the prison if disclosed.

Ruling:

Plaintiff's motion to compel further responses to PODs 5-8 is denied. Plaintiff has not adequately addressed Defendant's objection that production of the requested documentary materials could jeopardize the safety and security of CDCR or the specific institution. Further, the Court will not compel Defendant Sexton to produce items (even if empty or inert), which

could be deemed a weapon and which could endanger the safety and security of Plaintiff or other inmates and staff at the prison where Plaintiff is incarcerated. There also is no indication that Plaintiff would be permitted to retain such items at his current institution in North Carolina.

POD 9:

8 x 10 inch <u>PHOTOGRAPHS</u> or scanned images on color-lock photo paper of each tangible object described in Requests Number 5, 6, 7 and 8 of this Request for Production, each image taken in color and each object photographed from at least four (4) different angles of orientation.

Response to POD 9:

Defendant cannot comply with this request because he does not have possession, control or custody of any photographs of MK-9 Oleoresin Capsicum Pepper Spray canisters, T-16 Oleoresin Capsicum Grenades, OC-V Oleoresin Capsicum Aerosol Grenades, and X-10 Barricade Removal Devices and is informed that responsive photographs have never existed.

Ruling:

Plaintiff's motion to compel a further response to POD 9 is denied. Defendant Sexton will not be ordered to produce photographs that are not in his possession, custody or control or that have never existed. Defendant also is not required to create such photographs.

POD 10:

All DOCUMENTS, MATERIALS, COMPUTER DATA and PHOTOGRAPHS that RELATE TO a subsequent or additional serious incident or disciplinary offense that allegedly involved inmate Ramirez at the California State Prison Corcoran, Building 4A-4R, B-Section on Thursday, May 24, 2012.

Response to POD 10:

Defendant cannot comply with this request because he does not have possession, custody or control of any documents, materials, computer data, or photographs that relate to inmate Ramirez on Thursday May 24, 2012. Defendant objects to this request on the ground that it calls for speculation regarding a subsequent or additional incident involving inmate Ramirez on May 24, 2012. Defendant further objects to this request on the grounds that it is vague, ambiguous,

overly broad in time and scope, unduly burdensome, and seeks information not relevant to any claim or defense in this action. Defendant further objects to this request because it seeks information protected by third parties' rights to privacy. *See* Cal. Code. Regs. tit 15, § 3370(b), Defendant further objects to this request because it seeks confidential information that jeopardizes institutional safety and security. *See* Cal. Code Regs. tit 15, § 3321.

Ruling:

Plaintiff's motion to compel a further response to POD 10 is denied. This request seeks information regarding Inmate Ramirez and is not relevant to any claim or defense in this action.

POD 11:

The California State Prison at Corcoran, Report of Serious Incident Log for the 4A Yard, from the period of May 01, 2012, through May 31, 2012.

Response to POD 11:

Defendant cannot comply with this request because, after a diligent inquiry, it was discovered that a "Report of Serious Incident Log at CSP-Corcoran" does not exist. Defendant objects to this request on the grounds that it is vague, ambiguous, and calls for speculation regarding a Report of Serious Incident Log. Defendant cannot respond to this request as drafted.

Ruling:

Plaintiff's motion to compel a further response to POD 11 is denied. Defendant Sexton will not be compelled to produce a document that does not exist.

POD 12:

A complete unedited copy of the use of force video that RELATES TO the May 23, 2012 removal of inmate Ramirez from his cell at 4A-4R, B-Section, of the California State Prison at Corcoran.

Response to POD 12:

Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information not relevant to any claim or defense in this action. Defendant further objects to this request because it seeks information protected by third parties' rights to privacy. *See* Cal. Code. Regs. tit 15, § 3370(b). Defendant further objects to

this request because it seeks confidential information that jeopardizes institutional safety and security. Cal. Code. Regs. Tit. 15, § 3321. Defendant further objects to this request because it is duplicative of Request Numbers 2, 3, and 15. Defendant will not produce the material responsive to this request because it is privileged. See Defendant's privilege log served concurrently with this response.

Ruling:

For the same reasons enumerated with respect to POD 2, Plaintiff's motion to compel further responses to POD 12 is denied.

POD 13:

All PHOTOGRAPHS taken within 4A-4R, B-Section of the California State Prison at Corcoran, by investigator, supervisor or any employee assigned to the Investigative Services Unit on May 23, 2012.

Response to POD 13:

After a reasonable and diligent search, Defendant was informed that no photographs were taken on May 23, 2012 of 4A-4R, B-Section of CSP-Corcoran. As such, Defendant cannot comply with this request because the photographs do not exist. Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information not relevant to any claim or defense in this action. Defendant further objects to this request because it seeks information protected by third parties' rights to privacy. See Cal. Code Regs. tit 15, § 3370. Defendant further objects to this request because it seeks confidential information that jeopardizes institutional safety and security. See Cal. Code. Regs. tit 15, § 3321.

Ruling:

Plaintiff's motion to compel a further response to POD 13 is denied. Plaintiff has not adequately demonstrated that photographs of 4A-4R, B-Section taken on May 23, 2012 exist. Although Plaintiff cites a portion of a crime/incident report indicating that Officer Slimp processed the scene and took photos, the relevant exhibit indicates only that photographs were taken of Inmate Ramirez. (ECF No. 114, Ex. 4 at p. 1.) Photographs of Inmate Ramirez are not relevant to Plaintiff's claims in this action.

POD 14:

All <u>DOCUMENTS</u> and <u>MATEIRALS</u> used to education and train each of the named <u>DEFENDANTS</u> in this civil action, in the use of force, including the use of chemical weapons or chemical agents during their employment with the California Department of Corrections and Rehabilitation from the date of their individual hiring through May 23, 2012.

Response to POD 14:

Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information not relevant to any claim or defense in this action. Defendant further objects to this request because it seeks confidential information that jeopardizes institutional safety and security. Cal. Code Regs. Tit. 15, § 3321. Defendant will not produce the documents responsive to this request because they are privileged. See Defendant's privilege log served concurrently with this response.

Privilege Log:

The privilege log identifies the following relevant documents: (1) "CDCR Cell Extraction Participant Workbook documenting the cell extraction process, revised September 9, 2011;" (2) "CDCR Use of Force Participant Workbook documenting use of force options and restrains for correctional officers, revised August 8, 2010;" and (3) "CDCR Chemical Agent Participant Workbook documenting tactical strategies for the delivery of chemical agents, revised August 8, 2008." Defendant cites the privilege as confidential information that could jeopardize the safety and security of the prison if disclosed.

Ruling:

Plaintiff's motion to compel a further response to POD 14 is denied. POD 14 is overly broad and unduly burdensome. Further, Plaintiff has not adequately responded to Defendant's objection that request seeks documents and information that jeopardize institutional safety and security.

POD 15:

All <u>DOCUMENTS</u>, <u>MATERIALS</u>, <u>PHOTOGRAPHS</u> and video which depict, show or <u>RELATE TO</u> the participation of any named DEFENDANTS in the use of chemical weapons or

chemical agents against any prisoner for the period from May 23, 2006 through May 23, 2012.

Response to POD 15:

Defendant objects on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, seeks information not relevant to the subject matter of this litigation, seeks information not relevant to any claim or defense in this action. Defendant further objects to this request because it seeks information protected by third parties' rights to privacy. *See* Cal. Code. Regs. tit 15, § 3370(b). Defendant further objects to this request because it seeks confidential information that jeopardizes institutional safety and security. *See* Cal. Code. Regs. tit 15, § 3321. To the extent that this request seeks documents, materials, photographs relating to the May 23, 2012 cell extraction of inmate Ramirez, Defendant responds that it is duplicative of Request Numbers 1, 2, 3, 12, 16 and 32. Without waiving these objections, all non-privileged responsive documents in Defendant's possession, custody, or control are attached as Attachment A.

Ruling:

Plaintiff's motion to compel a further response to POD 15 is denied. To the extent Plaintiff seeks documents, photographs, video or materials related to events before May 12, 2012, such a request is overly broad, unduly burdensome and not relevant to any claim or defense in this action. To the extent Plaintiff seeks items relating to the May 23, 2012 cell extraction of inmate Ramirez, the Court will not compel further production for the reasons previously enumerated in connection with PODs 1-4, 12.

POD 16:

For each of the named **DEFENDANTS**, any summary or use of force tracking log which tracks their individual use of physical force or chemical agents against prisoner or other during their tenure with the California Department of Corrections and Rehabilitation.

Response to POD 16:

Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad in time and scope, unduly burdensome, and seeks information not relevant to any claim or defense in this action. Defendant further objects to this request because it seeks information

protected by third parties' rights to privacy. *See* Cal. Code. Regs. tit 15, § 3370. Defendant further objects to this request because it seeks confidential information that jeopardizes institutional safety and security. *See* Cal. Code. Regs. tit 15, § 3321. Defendant further objects to this request because it is duplicative of Request Numbers 15 and 32. Defendant will not produce the document responsive to this request because it is privileged. See Defendant's privilege log served concurrently with this response.

Privilege Log:

Defendant's privilege log identifies the relevant document as "CSP-Corcoran Use of Force Detailed Log 2012 documenting uses of force in 2012 against non-party inmates at CSP-Cor including the incident report log number, the type of RVR offense committed by the inmate, date, inmate names, inmate CDC numbers, location of the use of force, information about inmate medical conditions and gang affiliation, type of force use, the reason for the use of force, and custody staff's identification, including non-party custody staff, name and position." The log identifies the privilege as both confidential information that could jeopardize the safety and security of the prison and private information protected by third parties' rights to privacy.

Ruling:

Plaintiff's motion to compel a further response to POD 16 is denied. Plaintiff's request is overly broad and seeks information that is not relevant to a claim or defense in this action. Plaintiff claims that defendants used excessive force on May 23, 2012, against him and that defendants subsequently failed to provide proper medical treatment. A detailed log of all use of force incidents in 2012 involving non-party inmates is not relevant to these claims.

POD 17:

All DOCUMENTS and MATERIALS that RELATE TO California Department of Corrections and Rehabilitation 602 Appeal numbered CSPC-5-12-03776 and any investigation thereof.

Response to POD 17:

Defendant objects to this request because "relate to" is vague, ambiguous, and overly broad. Defendant cannot comply with this request because, after a diligent inquiry, it was

discovery that no documents that "relate to" CDC 602 Appeal Log No. SPC-5-12-03776 exist. Without waiving these objections, CDC 602 Appeal Log No. CSP-5-12-03776 is attached as Attachment A.

Ruling:

Plaintiff's motion to compel a further response to POD 17 is denied. Defendant Sexton will not be compelled to produce documents that do not exist. Further, Defendant Sexton has produced the relevant appeal.

POD 18:

All DOCUMENTS and MATERIALS that RELATE TO California Department of Corrections and Rehabilitation 602 Appeal numbered COR-HC-12-050591 and any investigation thereof.

Response to POD 18:

Defendant objects to this request because "relate to" is vague, ambiguous, and overly broad. Defendant cannot comply with this request because, after a diligent inquiry, it was discovery that [ ] no documents that "relate to" CDC 602 Appeal Log. No. COR-HC-12-050591 exist. Without waiving these objections, CDC 602 Appeal Log No. COR-HC-12-050591 is attached as Attachment B.

Ruling:

Plaintiff's motion to compel a further response to POD 18 is denied. Defendant Sexton will not be compelled to produce documents that do not exist. Further, Defendant Sexton has produced the relevant appeal.

POD 19:

A complete 2012 Department Operations Manual (D.O.M.) of the California Department of Corrections and Rehabilitation as compiled and update through May 23, 2012.

Response to POD 19:

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information not relevant to any claim or defense in this action. Defendant further objects to this request because Plaintiff can request the 2012 Department

Operations Manual from CDCR.  As such, Defendant will not comply with this request.

Ruling:

Plaintiff's motion to compel a further response to POD 19 is denied.  Plaintiff's request is overly broad, unduly burdensome and seeks information that is not relevant to a claim or defense.  Further, as the discovery sought was readily obtained from some other source, the Court will not require Defendant to provide a supplemental response. Fed. R. Civ. P. 26(b)(2)(C).

POD 20:

California State Prison at Corcoran Duty Roster or Assignment Roster for each officer assigned to duty during each work shift in Yard/Building, 4A-4R from May 23, 2012 through May 29, 2012.

Response to POD 20:

Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad in time and scope, unduly burdensome, and seeks information not relevant to any claim or defense in this action.  Defendant further objects to this request because it seeks information protected by third parties' rights to privacy.  *See* Cal. Code. Regs. tit 15, § 3370.

After a reasonable and diligent search, Defendant is informed and believes that all responsive documents were purged before this litigation consistent with a pre-existing document retention policy.  As such, Defendant cannot comply with this request because no responsive documents exist.

Ruling:

Plaintiff's motion to compel a further response to POD 20 is denied.  Defendant cannot be compelled to produce documents that no longer exist.

POD 21:

California State Prison at Corcoran Post Orders, Wardens Directives, Filed Instructions and or Operational Procedures for each existing post within Yard/Building 4A-4R on May 23, 2012.

///

Response to POD 21:

Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information not relevant to any claim or defense in this action. Defendant further objects to this request because it seeks information protected by third parties' rights to privacy. *See* Cal. Code. Regs. tit 15, § 3370. After a reasonable and diligent search, Defendant is informed and believes that all responsive documents were purged before this litigation consistent with a pre-existing document retention policy. As such, Defendant cannot produce the 2012 Post Orders for CSP-Cor building 4A because no such responsive documents exist.

Without waiving these objections, the 2015 Post Orders for CSP-Cor building 4A floor officers, search and escort officers, control booth officers, facility lieutenant, and building sergeant are attached as Attachment C.

Ruling:

Plaintiff's motion to compel a further response to POD 21 is denied. Defendant cannot be compelled to produce documents that no longer exist. Further, Defendant has produced the relevant post orders for 2015.

POD 23:

The California State Prison at Corcoran, Building 4A-4R Log Book, showing among other things the signing in and out of supervisory officials who enter and exit 4A-4R for the period of May 23, 2012 through May 29, 2012.

Response to POD 23:

Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information not relevant to any claim or defense in this action. Without waiving these objections, all non-privileged responsive documents in Defendant's possession, custody, or control are attached as Attachment E.

Ruling:

Plaintiff's motion to compel a further response to POD 23 is denied. Plaintiff contends that Defendant failed to produce the list of supervisory officials for May 24 through May 29,

2012.  However, Plaintiff has failed to demonstrate how these lists are relevant to his claims in this action, relating to events occurring on May 23, 2012.

POD 24:

The complete California Department of Corrections and Rehabilitation file [Central File] of Griffin, G28194, excluding FBI Rap Sheet.

Response to POD 24:

Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome and seeks information not relevant to any claim or defense in this action.  Defendant further objects to this request because it seeks confidential information.  Cal. Code. Regs. tit 15, § 3370(d).  Defendant further objects to this request because documents responsive to this request are equally available to Plaintiff and he can request to review documents in his C-file from CDCR.  Cal. Code. Regs. tit 15, § 3370(c).  Without waiving these objections, all non-privilege responsive documents in Defendant's possession, custody, or control are attached as Attachment F.

Ruling:

Plaintiff's motion to compel a further response to POD 24 is denied.  Although Plaintiff contends that the file is incomplete, he has not adequately demonstrated that Defendant has failed to produce all responsive documents in his custody, possession or control.

POD 26:

All DOCUMENTS and COMPUTER DATA that relate to Griffin G28194 from the California Department of Corrections and Rehabilitations Sacramento Control Office and Western Interstate Corrections Compact Unit [SACCO/WICC Unit].

Response to POD 26:

Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seek information not relevant to any claim or defense in this action.  As such, Defendant will not comply with this request.

Ruling:

Plaintiff's motion to compel a further response to POD 26 is denied.  Plaintiff's request

1    seeks information that is not relevant to a claim or defense in this action.

2        POD 27:

3        For each of the named <u>DEFENDANTS</u>, their California Department of Corrections and

4    Rehabilitation Training file and all <u>DOCUMENTS</u> relating to their education and training as a

5    California Correctional Peace Officer.

6        <u>Response to POD 27</u>:

7        Defendant objects to this request on the grounds that it is vague, ambiguous, overly

8    broad, unduly burdensome, and seeks information not relevant to any claim or defense in this

9    action.  Defendant further objects to this request because it seeks confidential information that

10   jeopardizes institutional safety and security.  See Cal. Code. Regs. tit 15, § 3321.  Defendant

11   further objects to this request because government personnel files are deemed to be official

12   information and subject to the privilege for such information.  *Sanchez v. City of Santa Ana*, 936

13   F.2d 1027, 1033 (9th Cir. 1991).  Defendant further objects because the discovery of

14   employment records is restricted by California statutes, including Penal Code section 832.7 and

15   832.8, Government Code section 6254, and Civil Code section 1798.24 and 1798.40, as well as

16   section 340 of Title 15 of the California Code of Regulations.  Defendant cannot comply with

17   this request as it relates to Defendant Smith because, after a diligent inquiry, it was discovered

18   that documents responsive to this request do not exist.  Without waiving these objections, all

19   non-privileged responsive documents in Defendant's possession, custody, or control are attached

20   as Attachment G.

21       <u>Ruling</u>:

22       Plaintiff's motion to compel a further response to POD 27 is denied.  As to documents

23   regarding Defendant Smith, Defendant Sexton cannot be ordered to produce documents that do

24   not exist.  Further, Defendant Sexton has provided all other responsive documents in his custody,

25   possession, or control.

26       POD 28:

27       For each of the named <u>DEFENDANTS</u>, all <u>DOCUMENTS</u> and <u>MATERIALS</u> used to

28   educate or train them that <u>RELATE TO</u> the civil liability of correctional peace officers and/or

1   prison officials.

2   Response to POD 28:

3   Defendant objects to this request on the grounds that it is vague, ambiguous, overly

4   broad, unduly burdensome, and seeks information not relevant to any claim or defense in this

5   action.  Defendant cannot comply with this request because, after a diligent inquiry, it was

6   discovery that documents responsive to this request do not exist.

7

8   Ruling;

9   Plaintiff's motion to compel a further response to POD 28 is denied.  The request seeks

10  information that is not relevant to a claim or defense in this action.  Further, Defendant Sexton

11  cannot be compelled to produce documents that do not exist.

12  POD 29:

13  An aerial or satellite photograph of the California State Prison at Corcoran.

14  Response to POD 29:

15  Defendant objects to this request on the grounds that it is unduly burdensome, and seeks

16  information not relevant to any claim or defense in this action.  Defendant further objects to this

17  request because it seeks confidential information that jeopardizes institutional safety and

18  security.  *See* Cal. Code. Regs. tit 15, § 3321.  As such, Defendant will not comply with this

19  request.

20  Ruling:

21  Plaintiff's motion to compel a further response to POD 29 is denied.  The request is

22  unduly burdensome and seeks information that is not relevant to any claim or defense in this

23  action. Further, Plaintiff has not adequately addressed Defendant's objections regarding

24  institutional security and safety.

25  POD 30:

26  The architectural diagram of Building 4A-4R of the California State Prison at Corcoran.

27  Response to POD 30:

28  Defendant objects to this request on the grounds that it is unduly burdensome, and seeks

information not relevant to any claim or defense in this action.  Defendant further objects to this request because it seeks confidential information that jeopardizes institutional safety and security.  *See* Cal. Code Regs. tit 15, § 3321.  As such, Defendant will not comply with this request.

Ruling:

Plaintiff's motion to compel a further response to POD 30 is denied.  The request seeks information that is not relevant to any claim or defense in this action.  Further, Plaintiff has not adequately addressed Defendant's objections regarding institutional security and safety.

POD 31:

The architectural diagram of B-Section, Building 4A-4R of the California State Prison at Corcoran.

Response to POD 31:

Defendant objects to this request on the grounds that it is unduly burdensome, and seeks information that is not relevant to any claim or defense in this action.  Defendant further objects to this request because it seeks confidential information that jeopardizes institutional safety and security.  *See* Cal. Code. Regs. tit 15, § 3321.  As such, Defendant will not comply with this request.

Ruling:

Plaintiff's motion to compel a further response to POD 31 is denied.  The request seeks information that is not relevant to any claim or defense in this action.  Further, Plaintiff has not adequately addressed Defendant's objections regarding institutional security and safety.

POD 32:

For each of the named DEFENDANTS, all DOCUMENTS, 602 appeals, grievances or complaints of any kind that RELATE TO an allegation that any of the named DEFENDANTS used excessive force against, assaulted or battered any prisoner from May 23, 2006 through May 23, 2012 while employed as a departmental peace officer or law enforcement officer.

Response to POD 32:

Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad in

time and. scope, unduly burdensome, and seeks information not relevant to the claims and defenses in this action. Defendant further objects to this request because it seeks information protected by third parties' rights to privacy. *See* Cal. Code. Regs. tit 15, § 3370(b). Defendant further objects to this request because it seeks information subject to the official information privilege. *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1991). Defendant further objects to this request on the ground that it seeks Defendants' confidential and private information protected by federal common law and applicable California statues including Evidence Code section 1040, *et.. seq.,* including section 1 043; Penal Code sections 832.7, 832.8; Government Code Section 6245; and Civil Code sections 178.24 and 1798.40 and California Code of Regulations Title 15, section 3400. Defendant further objects to this request on the ground that it seeks information Plaintiff cannot possess under Title 15, section 3450(d) of the California Code of Regulations. Defendant further objects to this request because it is duplicative of Request Numbers 15, 16, 17, and 18. Defendant also responds that CDC 602 Inmate Appeals are kept by inmate name, CDC number, and log number, not by the staff member involved. Defendant will not produce the document responsive to this request because it is privileged. See Defendant's privilege log served concurrently with this response.

However, to the extent that Defendant understands this request as seeking Plaintiffs CDC 602 appeals relating to the issues in this lawsuit, and without waiving these objections, Plaintiffs CDC 602 Appeal Log No. CSPC-5-12-03776 is attached as Attachment A and CDC 602 Appeal Log No. COR-HC-12-050591 is attached as Attachment B.

Ruling:

Plaintiff's motion to compel a further response to POD 32 is denied. Plaintiff's request is overly broad, unduly burdensome and seeks information that is not relevant to claim or defense in this action.

POD 34:

Please produce a complete eleven (11) volume set of the Inmate Medical Services Policies and Procedures (IMSP&P) of the California Department of Corrections and Rehabilitation as in effect on May 23, 2012 through May 29, 2012.

///

Response to POD 34:

Defendants cannot comply with this request because they do not have custody, control, or possession of a complete eleven volume set of the Inmate Medical Services Policies and Procedures as in effect on May 23, 2012 through May 29, 2012. Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, seeks information not relevant to the claims and defenses in this action. Defendant also objects to this request because documents responsive to this request are equally available to Plaintiff, and he may request a copy of the Inmate Medical Services Policies & .Procedures from California Correctional Health Care Service (CCHCS).

Ruling:

Plaintiff's motion to compel a further response to POD 34 is denied. Plaintiff's request is overly broad and unduly burdensome. Further, as the discovery sought is readily obtained from some other source, the Court will not require Defendant to provide a supplemental response. Fed. R. Civ. P. 26(b)(2)(C).

POD 37:

Please produce all <u>COMPUTER DATA</u> and <u>DOCUMENTS</u> that <u>RELATE TO</u> the named <u>PLAINTIFF</u> and are entered into the Strategic Offender Management Section (SOMS) of the California Department of Corrections and Rehabilitation.

Response to POD 37:

Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad in time and scope, unduly burdensome, and seeks information not relevant to the claims and defenses in this action. Defendant further objects to this request because it seeks confidential information that jeopardizes institutional safety and security. Cal. Code. Regs. tit 15, § 3370(c). Defendant further objects because information responsive to this request is equally available to Plaintiff and he can request to review his file from CDCR. Cal. Code. Regs. tit 15, § 3370(c). As such, Defendant will not comply with this request.

Ruling:

Plaintiff's motion to compel a further response to POD 37 is denied. Plaintiff's request is overly broad, unduly burdensome and seeks information that is not relevant to a claim or defense in this action. Further, as the discovery sought is equally available from some other source, the Court will not require Defendant to provide a supplemental response. Fed. R. Civ. P. 26(b)(2)(C).

POD 38:

Please produce all <u>COMPUTER DATA</u> and <u>DOCUMENTS</u> entered into the Offender Based Information System (OBIS) that <u>RELATE TO</u> the named <u>PLAINTIFF</u>.

Response to POD 38:

Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad in time and scope, unduly burdensome, and seeks information not relevant to the claims and defenses in this action. Defendant further objects to this request because it seeks confidential information that jeopardizes institutional safety and security. Cal. Code. Regs. tit 15, § 3370(c). Defendant further objects because information responsive to this request is equally available to Plaintiff and he can request to review his file from CDCR. Cal. Code. Regs. tit15, § 3370(c). As such, Defendant will not comply with this request.

Ruling:

Plaintiff's motion to compel a further response to POD 38 is denied. Plaintiff's request is overly broad, unduly burdensome and seeks information that is not relevant to a claim or defense in this action. Further, as the discovery sought is equally available from some other source, the Court will not require Defendant to provide a supplemental response. Fed. R. Civ. P. 26(b)(2)(C).

POD 39:

All <u>DOCUMENTS,</u> MATERIALS and data received by the <u>Defendant</u> or his employer from the manufacturers and vendors of the X-10 Barricade Removal Device with Oleoresin Capsicum Pepper Spray, OC-V Aerosol Grenade, tactical T-16 Oleoresin Capsicum Grenade and MK-9 Oleoresin Capsicum Pepper Spray that <u>RELATE TO</u> the function, operation, use, safety measures when using and product warnings of the aforementioned chemical weapons and chemical weapons systems.

Response to POD 39:

Defendant objects to this request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, seeks information not relevant to the claims and defenses in this action. Defendant further objects to this request because it seeks confidential information that jeopardizes institutional safety and security.  *See* Cal. Code. Regs. tit. 15, § 3321.  Defendant further objects to this request because it is duplicative of Request Numbers 5, 6, 7, and 8.  Defendant will not produce material responsive to this request because it is privileged.   See Defendant's privilege log served concurrently with this response.

Privilege Log:

The privilege log identifies the following relevant documents:  (1) "CDCR Cell Extraction Participant Workbook documenting the cell extraction process, revised September 9, 2011;" (2) "CDCR Use of Force Participant Workbook documenting use of force options and restrains for correctional officers, revised August 8, 2010;" and (3) "CDCR Chemical Agent Participant Workbook documenting tactical strategies for the delivery of chemical agents, revised August 8, 2008."  Defendant cites the privilege as confidential information that could jeopardize the safety and security of the prison if disclosed.

Ruling:

Plaintiff's motion to compel a further response to POD 39 is denied.  Plaintiff's request seeks information that could jeopardize the safety and security of the institution.

POD 40:

A Unit Roster for B-Section of Building 4A-4R of the California State Prison at Corcoran for May 23, 2012 which includes the name, CDCR prison number and cell assignment of each prisoner housed in B-Section on May 23, 2012.

Response to POD 40:

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks information not relevant to the claims and defenses in this action.  Defendant further objects to this request because it seeks information protected by third parties' rights to privacy. *See* Cal. Code. Regs. tit. 15, § 3370.   Defendant further objects to this request because it seeks confidential information that jeopardizes institutional safety and security.  *See* Cal. Code. Regs. tit.

15, § 3321. Defendants will not comply with any request including the name, CDCR number, and cell assignment of each prisoner housed in B-Section on May 23, 2012. Without waiving these objections, all non-privileged responsive documents in Defendant's possession, custody, or control are attached as Attachment J.

Ruling:

Plaintiff's motion to compel a further response to POD 40 is denied. Plaintiff does not identify the deficiency in Defendant Sexton's production and does not provide the relevant documents for the Court's review. Further, Plaintiff's request is overly broad and seeks information not relevant to the claims or defenses in this action. Plaintiff does not explain the necessity for obtaining the identity of all prisoners housed in B-Section.

**III.    Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's first motion for a 180-day extension of time within which to complete discovery (ECF No. 96) is DENIED; and

2.  Plaintiff's first motion to compel (ECF No. 114) is DENIED.

IT IS SO ORDERED.

Dated:    **September 11, 2017**           /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE