# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES GRIFFIN, | Case No. 1:13-cv-01599-LJO-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT DENNIS BUSCH'S MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT |
| v. | |
| A. JOHNSON, et al., | |
| Defendants. | (ECF No. 142) |
| | **Fourteen (14) Day Deadline** |

## <u>Findings and Recommendations</u>

### I.  Introduction

Plaintiff Matthew James Griffin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims of excessive force and deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendants Johnson, Gonzales, Valdez, Munoz, Sexton, Ross, Thor, Doe, Kul, Busch, Bell, and Smith.

Currently before the Court is Defendant Dennis Busch's motion for summary judgment, filed on December 12, 2016, pursuant to Federal Rule of Civil Procedure 56.[1] By this motion,

---

[1] Concurrent with the motion, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. (ECF No. 142.) See <u>Woods v. Carey</u>, 684 F.3d 934 (9th Cir. 2012); <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1988); <u>Klingele v. Eikenberry</u>, 849 F.2d 409, 411-12 (9th Cir. 1988).

1

Defendant Busch argues he cannot be found liable for excessive force or deliberate indifference because he did not engage in any of the conduct claimed by Plaintiff. (ECF No. 141.) Plaintiff filed an opposition on February 27, 2017, which included a request for deferral of the motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d). (ECF Nos. 147, 148, 149.) Defendant Busch replied on March 20, 2017. (ECF No. 154.) Defendant Busch's motion is deemed submitted. Local Rule 230(l).

Having considered the moving, opposition and reply papers, the Court recommends that Plaintiff's request for deferral pursuant to Rule 56(d) be denied and that Defendant Busch's motion for summary judgment be granted in part and denied in part.

## II.     Plaintiff's Request for Rule 56(d) Deferral

In his opposition, Plaintiff requests that the Court defer ruling on Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d)(1). As the basis of his motion, Plaintiff asserts that Defendants are resisting discovery and he filed a motion to compel discovery, citing ECF No. 114. Plaintiff requests that the Court defer ruling on the motion for summary judgment until after resolution of his pending motion to compel. (ECF No. 147 at pp. 1-5.)

Pursuant to Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). Plaintiff bears the burden under Rule 56(d) of specifically identifying relevant information, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n. 5 (9th Cir. 2009) (citation omitted); Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100–01 (9th Cir. 2006). Additionally, Plaintiff must make some showing of diligence, that he sought the requested information during the discovery period, or that there is good reason he has not been able to obtain the information before now. See Landmark Dev. Corp. v. Chambers Corp., 752 F.2d 369, 372–73 (9th Cir. 1985).

The Court will recommend that Plaintiff's request for deferral under Rule 56(d) be denied

2

for several reasons. First, Plaintiff's motion to compel discovery is not directed to Defendant Busch. Instead, Plaintiff's motion seeks to compel further discovery responses from Defendant Sexton. (ECF No. 114.) Second, the Court finds that Plaintiff has not met his burden under Rule 56(d) to identify any relevant information that exists and that would prevent summary judgment. Plaintiff merely identifies the categories of discovery sought and contends that "these items are calculated to lead to the discovery of admissible evidence." (ECF No. 147 at pp. 4-5). However, Plaintiff has not shown that additional discovery would reveal specific facts precluding summary judgment. Tatum, 441 F.3d at 1101. Third, and finally, Plaintiff has not made the requisite showing of diligence. After Defendant Busch filed the instant motion for summary judgment, Plaintiff requested an extension of time to oppose the motion, which was granted by the Court. (ECF Nos. 143, 145.) Nowhere in that motion did Plaintiff indicate that additional time was needed to respond to the motion for summary judgment because the Court had not yet ruled on his motion to compel or that the documents sought by that motion were critical to his ability to defend against the motion for summary judgment.

For these reasons, the Court will recommend that Plaintiff's motion to delay or otherwise continue the motion for summary judgment pursuant to Rule 56(d) be denied.

### III. Defendant Busch's Motion for Summary Judgment

#### A. Evidentiary Objections

Defendant Busch raises multiple objections to Plaintiff's evidence, which the Court has carefully reviewed. (ECF No. 156.) Generally, it is not the practice of the Court to rule on evidentiary matters individually in the context of summary judgment. However, given the extensive nature of these objections, the Court will address several evidentiary issues raised by Defendant Busch.

As an initial matter, Defendant Busch objects to portions of Plaintiff's declaration as lacking in foundation and irrelevant. These objections are without merit and are overruled. In relevant part, Plaintiff's declaration, signed under penalty of perjury, describes what he observed on May 23, 2012, including what he saw Defendant Busch do and conversations he had with Defendant Busch. (ECF No. 147, Declaration of Plaintiff ("Plaintiff's Declaration") at ¶¶ 16, 19,

20, 21.) This information is neither irrelevant nor lacking in foundation.

Defendant Busch also objects to Plaintiff's citation to his own answers to interrogatories as evidence. A plaintiff's discovery responses generally are not proper "evidence" to establish a genuine dispute of material fact. See Carter v. Clark County, 459 Fed.Appx. 635, 636 (9th Cir. 2011) (unpublished) (refusing to find a genuine issue where plaintiff "submitted only his vague, conclusory answers" to defendant's interrogatories); S & S Logging Co. v. Baker, 366 F.2d 617, 624 n.7 (9th Cir. 1966) (finding plaintiff's responses to interrogatories to be insufficient to challenge defendant's assertions of fact on summary judgment, because the responses were self-serving, inadmissible as evidence, and not based on personal knowledge). Here, however, Plaintiff's responses are verified, signed under penalty of perjury and based in part on his personal knowledge. (ECF No. 147, Ex. 4.) Accordingly, the Court will consider Plaintiff's discovery responses as a form of declaration, where the responses are based on his personal knowledge, for purposes of summary judgment. Fed. R. Civ. P. 56(c)(1).

Finally, Defendant Busch objects to Plaintiff's citation to certain unauthenticated documents, including Attachment E to the opposition. Attachment E purports to be the 4A-4R Log Book for May 23, 2012 through May 24, 2012, which was produced in discovery. Any objections to official prison records for lack of authentication are overruled. Fed. R. Evid. 901(b)(7); Las Vegas Sands, LLC v. Nehme, 632 F.3d 526, 532–33 (9th Cir. 2011). The records are subject to authentication under Rule 901(b)(7), and the Court notes the absence of any evidence or argument suggesting the existence of a legitimate challenge to the records on authentication grounds. See Chamberlain v. Les Schwab Tire Center of California, Inc., No. 2:11–cv–03105–JAM–DAD, 2012 WL 6020103, at *2 (E.D. Cal. Dec. 3, 2012) (citing Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1120 (E.D. Cal. 2006)) (rejecting "purely procedural" authentication objection).

### B. Defendant Busch's Separate Statement of Facts (DSF)[2]

1. Plaintiff's First Cause of Action for alleged excessive force against defendant

---

[2] These facts are derived from Defendant Busch's "Separate Statement of Undisputed Material Facts." (ECF No. 142-2.)

4

Dennis Busch ("Busch") is based on the allegation that, on or about May 23, 2012, Busch and the other defendants planned to use pepper spray to extract an inmate in a cell near the cell where plaintiff was housed in a manner intended to harm other inmates who were housed nearby, including plaintiff. (ECF No. 23, First Amended Complaint ("FAC") ¶¶ 22, 27, 46, 47, 49-51, 54, 75 and 77.)

2. Plaintiff's First Cause of Action for alleged excessive force against defendant Busch is based on the allegation that, on or about May 23, 2012, Busch actually used pepper spray for the extraction in a manner that harmed plaintiff. FAC ¶¶ 22, 28, 42, 46, 47, 49-51, 54, 75 - 77.

3. Plaintiff's First Cause of Action for alleged excessive force against defendant Busch is based on the allegation that, prior to the extraction on or about May 23, 2012, plaintiff asked Busch to move him from his cell because of his concern about being exposed to pepper spray, but he refused. FAC ¶¶ 31, 32, 75 and 77.

4. Plaintiff's Second Cause of Action for alleged deliberate indifference to plaintiff's claimed medical need against defendant Busch is based on the allegation that, after the extraction on or about May 23, 2012, plaintiff asked Busch to arrange for him to receive medical treatment and a decontamination shower because of the symptoms from which plaintiff claims he was suffering due to the pepper spray, but he refused. FAC ¶¶ 59, 83, 87, 88 and 90.

5. On May 23, 2012, Busch suited up to be part of the team that carried out the extraction, but he never actually participated in the extraction. (ECF No. 142-3, Declaration of Dennis Busch ("Busch Decl.") at ¶ 4.

6. During the extraction, Busch left the building where it took place and went to another building to provide assistance to feed and count the inmates housed there. (Id.)

7. Busch stayed in that other building until the end of his shift on May 23, 2012. (Id.)

8. As a correctional officer, Busch did not have any input in the planning of cell extractions, including but not limited to determining the level of force and/or amount of pepper spray to be used as these decisions would be made by others. (Id. at ¶ 5.)

9. With respect to the cell extraction that took place on May 23, 2012, Busch did not have any input in the planning of it, including but not limited to determining the level of force and/or amount of pepper spray to be used. (Id. at ¶ 5.)

10. On the day of May 23, 2012, prior to the extraction, Busch did not feed plaintiff or have any occasion to communicate with him in his cell or be near his cell because of the planned extraction. (Id. at ¶ 6.)

11. Busch was not responsible for, nor did he, check with inmates who were housed near the cell where the extraction was to take place in order to find out whether they wanted to be moved away from the site of the extraction. (Id.)

12. Starting on May 24, 2012, Busch was off duty for the next four days. (Id.)

13. Busch did not speak with plaintiff after the extraction as he claims in his First Amended Complaint. (Id.)

14. At no time did Busch act with a malicious and/or sadistic intent towards plaintiff for the purpose of causing him harm. (Id. at ¶ 7.)

15. Busch never was deliberately indifferent to plaintiff's claimed medical needs in connection with a claimed serious injury or medical condition allegedly suffered by him. (Id.)

### B. Plaintiff's Statement of Material Facts ("PSF")[3]

1. On May 23, 2012, two (2) other prisoners (other than Plaintiff) were evacuated from their cells prior to the use of chemical of weapons. (Plaintiff's Decl. at ¶ 11.)

2. On May 23, 2012, Defendant Busch suited up to be part of the team that carried out a use of chemical weapons (agents) and cell extraction within B-Section of Building 4A-4R at the California State Prison Corcoran. Defendant Busch was present before the use of chemical agents, at the commencement of the use of chemical agents and later after the completion of the cell extraction of inmate Ramirez from cell 4A-4R #25. (Id. at ¶ 16.)

3. On May 23, 2012, Plaintiff's assigned cell was 4A-4R-28 which has a view across B-Section and out into the 4A-4R Rotunda. (Id. at ¶ 18.)

---

[3] These facts are derived from Plaintiff's Fourth Declaration in Support of His Motions, Inter Alia ("Plaintiff's Decl."). (ECF No. 147.) Immaterial and irrelevant facts are not included.

4. On May 23, 2012, Plaintiff observed Defendant Busch and other Defendants take steps normally used in the preparation and planning of a controlled use of force with chemical agents that included but were not limited to the following activities in the 4A-4R Rotunda and B Section: donning protective clothing, donning gas masks with chemical agent filters, donning filters masks, checking equipment, preparing an Order of Battle, rehearsing movement, preparing equipment, conducting a pre-assault walk through and performing reconnaissance. All of which are steps in the planning of a use of chemical weapons. Defendant Busch was an active participant in these activity's [sic] which constitute the planning of a tactical operation. (Id. at ¶ 19.)

5. On May 23, 2012, the chemical weapons [MK-9 pepper spray, MK-46 Oleo-resin Capsicum (OC) pepper spray, tactical T-16 O.C grenades, x-10 Barricade Removal Device (BRD) with O.C. pepper spray, and OC-V Aerosol Grenade] were assembled, checked and prepared for use in the presence of Defendant Busch. (Id. at ¶ 20.)

6. On May 23, 2012, Defendant Busch personally denied Plaintiff's request to be evacuated to a safe prior to the use of chemical weapons in B-Section of Building 4A-4R at the California State Prison at Corcoran. (Id. at ¶ 21.)

### D. Legal Standard

Summary judgment is appropriate when the pleadings, disclosure materials, discovery, and any affidavits provided establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that may affect the outcome of the case under the applicable law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Id.

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The exact nature of this responsibility, however, varies

depending on whether the issue on which summary judgment is sought is one in which the movant or the nonmoving party carries the ultimate burden of proof. See Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). If the movant will have the burden of proof at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." Id. (citing Celotex, 477 U.S. at 323). In contrast, if the nonmoving party will have the burden of proof at trial, "the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." Id.

If the movant satisfies its initial burden, the nonmoving party must go beyond the allegations in its pleadings to "show a genuine issue of material fact by presenting affirmative evidence from which a jury could find in [its] favor." F.T.C. v. Stefanchik, 559 F.3d 924, 929 (9th Cir. 2009) (emphasis omitted). "[B]ald assertions or a mere scintilla of evidence" will not suffice in this regard. Id. at 929; see also Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56[], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.") (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (quoting First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).

In resolving a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence." Soremekun, 509 F.3d at 984. Instead, "[t]he evidence of the [nonmoving party] is to be believed, and all justifiable inferences are to be drawn in [its] favor." Anderson, 477 U.S. at 255. Inferences, however, are not drawn out of the air; the nonmoving party must produce a factual predicate from which the inference may reasonably be drawn. See Richards v. Nielsen Freight Lines, 602 F.Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

In arriving at these findings and recommendations, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that

this court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

**E.     Discussion**

**1.     Excessive Force**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v.McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013).

Defendant Busch declares that he was not present during the cell extraction at issue. (DSF 5, 6.) Plaintiff attempts to raise a genuine dispute of material fact by asserting that Defendant Busch "was present before the use of chemical agents, at the commencement of the use of chemical agents and later after the completion of the cell extraction of inmate Ramirez." (PSF 2.) However, nothing in Plaintiff's conclusory statement provides affirmative evidence that Defendant Busch participated in the extraction or was even present during its execution.

Defendant Busch further declares that he was not involved in the planning of the cell extraction that took place on May 23, 2012. (DSF 8, 9.) Plaintiff attempts to raise a genuine dispute of material fact by asserting that Defendant Busch participated in the planning of the May 23, 2012 use of chemical weapons (agents) within B-Section of Building 4A-4R. (PSF 3, 4, 5.) As supporting evidence, Plaintiff cites his observations of Defendant Busch and other Defendants prior to the extraction on May 23, 2012. (PSF 4, 5.) However, the activities identified in Plaintiff's declaration do not provide affirmative evidence that Defendant Busch was involved in the determination of the level of force or amount of pepper spray to be used in the cell extraction that took place on May 23, 2012.

Plaintiff also appears to argue that Defendant Busch failed to intervene to protect Plaintiff from the harm of the chemical agents by refusing to move Plaintiff to a safe area. However, the

9

cell extraction at issue involved Inmate Ramirez, and Plaintiff has presented no evidence that Defendant Busch was involved in any plan to use chemical agents or force against Plaintiff.

Based on the above, the undisputed evidence therefore shows that Defendant Busch was not present during the cell extraction and that he was not involved in the determination of the level of force or amount of pepper spray to be used in the cell extraction. In the absence of a genuine dispute of material facts, the Court finds that Defendant Busch is entitled to summary judgment on Plaintiff's claim of excessive force.

### 2. Deliberate Indifference to Medical Needs

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm, Jett, 439 F.3d at 1096.

Defendant Busch presents evidence that he was not in the building during the cell extraction, he stayed in that other building until the end of his shift, he was off duty for the next four days and he did not speak with plaintiff after the extraction as claimed in the First Amended Complaint. (DSF 5-7, 13.)

Plaintiff counters that Defendant Busch was present after completion of the cell extraction, he spoke with Defendant Busch after the cell extraction, informing Defendant Busch

of his injuries and requesting medical care and a decontamination shower, which Defendant Busch refused to provide on May 23, 2012. (ECF No. 147 Ex. 4, Answers to Interrogatories Nos. 6, 8, 10.) In his verified First Amended Complaint, Plaintiff alleged that after the use of chemical weapons on May 23, 2012, he "personally asked" Defendant Busch "for medical treatment and a decontamination shower," but Defendant "refused to provide medical care or a decontamination shower to Plaintiff." (ECF No. 23, FAC at ¶ 59.) "A Plaintiff's verified complaint may be considered as an affidavit in opposition to summary judgment if it is based on personal knowledge and sets forth specific facts admissible in evidence." Lopez v. Smith, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000) (en banc).

The Court finds that Plaintiff has raised a genuine dispute regarding whether Defendant Busch was deliberately indifferent to his medical needs following the cell extraction. This dispute is based on the parties' conflicting statements of events, the credibility of which cannot be determined by the Court on summary judgment. McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1115 n. 5 (9th Cir. 2004) ("[W]hen ruling on a summary judgment motion, the district court is not empowered to make credibility determinations or weigh conflicting evidence.") (citations omitted). Accordingly, the Court will recommend that Defendant Busch's motion for summary judgment on Plaintiff's deliberate indifference claim be denied.

**V.  Conclusion and Recommendations**

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1.  Defendant Busch's motion for summary judgment be GRANTED IN PART and DENIED IN PART;

2.  Defendant Busch's motion for summary judgment on Plaintiff's claim of excessive force be GRANTED; and

3.  Defendant Busch's motion for summary judgment on Plaintiff's claim of deliberate indifference to medical needs be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may

file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 11, 2017**            /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE